Charles Terrell MORGAN, Appellant,

v.

The CITY OF ALVIN, Texas, Appellee.

No. 01–02–01212–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 9, 2004.

Keith T. Gilbert, Houston, for Appellant.

William S. Helfand and Norman Ray Giles, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

Charles Terrell Morgan, appellant, appeals an order granting summary judgment in favor of the City of Alvin (the City), sued through its police officer, J. Schauer in his official capacity. The trial court severed the summary judgment in favor of the City and made it final for purposes of appeal. In three points of error, appellant contends that the trial court erred by (1) granting the City's summary judgment motion because the City is not a named defendant; (2) denying appellant an opportunity to conduct sufficient discovery, while allowing the City to "arbitrarily enter and exit this matter"; and (3) refusing to abate the City's summary judgment motion. We affirm.

## Background

On March 22, 2000, Detective Jacob Schauer, a security guard for Garden Gate Apartments and a police officer with the City of Alvin Police Department, was asked by a member of the management of the Garden Gate Apartments to issue a trespass warning to a registered sex offender named Johnson. Schauer drove past a laundromat and saw appellant. Schauer followed appellant into the laundromat and asked whether he was Johnson. When appellant said he was not, Schauer asked him to identify himself. The parties dispute how long it took appellant to respond to Schauer's request, as well as whether or not appellant used profanities in his response. However, it is undisputed that the incident ended in Schauer's arresting appellant for disorder-

ly conduct and failure to identify himself to a police officer.

Appellant alleges that, when he was slow to get out his identification, Schauer instigated a physical confrontation, handcuffing appellant, dragging him out of the laundromat, slamming his head against the hood of a parked car and "smashing his person" to the gravel parking lot.

### Procedural History

Appellant sued Schauer, alleging that he sustained personal injuries due to Schauer's tortious conduct, including assault, negligence, and trespass to the person. Although appellant did not name the City as a defendant in his original petition, he amended his petition to allege that Schauer was guilty of assault, negligence, and trespass to the person, as (1) an agent of Garden Gate, and, alternatively, (2) as an individual, and (3) *as an agent of the Alvin Police Department.* (Emphasis added). Thereafter, the City answered, asserting that Schauer is entitled to official immunity and that the City is entitled to governmental immunity under the Texas Tort Claims Act (the Act). Tex. Civ. Prac. & Rem.Code Ann. §§ 101.001–.051. (Vernon 2004).

On April 24, 2002, the City filed a combined motion for summary judgment and alternative plea to the jurisdiction, asserting that the City is a real party in interest for claims brought against Schauer in his official capacity, and, that it is entitled to governmental immunity. During the hearing on the City's summary judgment motion, appellant argued that, although he was suing Schauer in his official capacity, appellant was not suing the City. The City responded that, under Texas case law, a suit against Schauer in his official capacity constitutes a suit against the City. The trial court granted the City's combined motion for summary judgment and alternative plea to the jurisdiction.

Additionally, the trial court denied appellant's combined motions for continuance and abatement. Subsequently, the City moved for severance, and the trial court granted the motion, effectively making final the prior summary judgment granted in the City's favor.

### Discussion

### Standard of Review

A party moving for summary judgment has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Farah v. Mafrige & Kormanik,* 927 S.W.2d 663, 670 (Tex.App.-Houston [1st Dist.] 1996, no writ). When deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 549. When a defendant moves for summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Farah,* 927 S.W.2d at 670.

■ When, as here, an affirmative defense like immunity is established, the burden of raising a disputed fact issue shifts to the non-movant. *Brand v. Savage,* 920 S.W.2d 672, 673 (Tex.App.-Houston [1st Dist.] 1995, no writ). Therefore, we must examine the summary judgment evidence to determine whether a fact issue exists regarding the application of sovereign immunity. *Id.* Specifically, we must determine whether appellant established that

his claim fell within a waiver of immunity to which no exception applied. *See id.*

### City's Immunity for Claims against Schauer in his Official Capacity

A plaintiff may sue a governmental employee or official in the person's official capacity, personal capacity, or both. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (defining distinctions between personal-and official-capacity action suits).[1] A suit against a government official in his personal capacity seeks to impose personal liability upon a governmental employee or official for actions taken under color of state law. *Harris County v. Walsweer,* 930 S.W.2d 659, 665 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (citing *Graham,* 473 U.S. at 165, 105 S.Ct. at 3105). An award of damages against an official in his personal capacity can be executed only against the official's personal assets. *Id.* (citing *Graham,* 473 U.S. at 165, 105 S.Ct. at 3105).[2]

In contrast, official-capacity suits seek to impose liability upon the governmental entity the official represents, and any judgment in such a suit is collectible only against the governmental entity, not against the official's personal assets. *Id.* (holding that official-capacity judgment against Harris County constable and deputies imposed liability on Harris County,

and, was "for all purposes a judgment against Harris County and must be paid by Harris County") (citing *Graham,* 473 U.S. at 165, 105 S.Ct. at 3105). In *Graham,* the United States Supreme Court explained that

> [o]fficial-capacity suits ... "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Graham,* 473 U.S. at 165–66, 105 S.Ct. at 3105 (citations omitted). *See also Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991) (suits against state officials in official capacity treated as suits against the State).

A police officer is an agent of government. *Blackwell v. Harris County,* 909 S.W.2d 135, 138 (Tex.App.-Houston [14th Dist.] 1995, writ denied). All of his power and authority is derived from the governmental entity that employs him. *Id.* A suit against a police officer in his official capacity is merely another way of pleading a suit against the governmental entity of which the officer is an agent. *See Will v. Michigan Dep't of State Police,* 491

---

1. In *Graham,* the United States Supreme Court noted that, "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." 473 U.S. at n. 14, 167, 105 S.Ct. at 3106 (citing *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)). *See also Nueces County v. Ferguson,* 97 S.W.3d 205, 215 (Tex. App.-Corpus Christi 2002, no pet.) (in action against county and sheriff wherein Ferguson failed to specify the capacity in which the sheriff was sued, the court looked at the

"course of the proceedings" to determine the nature of the liability the plaintiff sought to impose).

2. Unless a distinct cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense. *Graham,* 473 U.S. at 168, 105 S.Ct. at 3106. Here, appellant alleged a distinct cause of action against the entity, as he claimed that Schauer committed torts as an agent of the City.

U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Scott v. Britton,* 16 S.W.3d 173, 180 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex.App.-Houston [1st Dist.] 1995, no writ). The suit is, therefore, the same as one brought directly against the state.[3] *Will,* 491 U.S. at 71, 109 S.Ct. at 2312; *Britton,* 16 S.W.3d at 180; *Kmiec,* 902 S.W.2d at 122. In such a case, the governmental entity is a real party in interest. *Hafer,* 502 U.S. at 25, 112 S.Ct. at 361; *McCartney v. May,* 50 S.W.3d 599, 606 (Tex.App.-Amarillo 2001, no pet.).[4]

### Liability of City for Officer's Tortious Acts in Official Capacity

■ In his first point of error, appellant contends that the trial court erred by granting summary judgment to the City when it was "factually unclear" whether the City was a defendant in his original cause of action. Specifically, appellant complains that the City was not a named defendant.

■ Although appellant did not directly name the City, he sought to impose liability on the City for the incidents forming the basis of the underlying suit. To further this aim, appellant amended his petition to allege that Schauer was guilty of assault, negligence, and trespass to the person, *as an agent of the Alvin Police Department.* (Emphasis added). Moreover, in appellant's response to Schauer's request for admissions, appellant admitted that he was asserting a claim against Schauer in his official capacity as a police

---

**3.** In *Brandon,* the Supreme Court considered whether a damages judgment against the director of the city of Memphis's police department in his official capacity under 42 U.S.C. § 1983 was payable by the city of Memphis when the city was not named as a defendant in the underlying case. 469 U.S. at 464–65, 469, 105 S.Ct. at 874–75. The caption and the body of the complaint named as defendant, "E. Winslow Chapman, Director of Police." *Id.* n. 11, 469 U.S. at 469, 105 S.Ct. at 876. The Supreme Court determined that it was "abundantly clear" that the action against Chapman was brought in his official capacity, and only that capacity. *Id.* 469 U.S. at 469, 105 S.Ct. at 876. Moreover, the Supreme Court regarded the record as plainly identifying the petitioners' claim as one that was asserted against the office of "Director of Police, City of Memphis," rather than against the person who held that office when the claim arose. *Id.* 469 U.S. at 471, 105 S.Ct. at 877–78. The Supreme Court concluded that petitioners were claiming a right to recover damages from the city, and, thus, that petitioners were entitled to amend their pleadings to conform to the proof and to the District Court's findings of fact by asserting their claims against Chapman in his official capacity. *Id.*

**4.** In *Alcorn v. Vaksman,* a University of Houston student dismissed from a graduate program sued members of the board of regents of the university, the president of the university, and the dean, department chair, and members of the graduate committee that expelled him. 877 S.W.2d 390, 393 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (en banc). Specifically, Vaksman sued the regents and the president of the university in their official capacities, and the dean, department chair, and members of the graduate committee both individually and in their official capacities. *Id.* With respect to Vaksman's breach of contract claims, we determined that Vaksman had a contract with the State, in the form of the University of Houston's catalog. *Id.* at 403. Thus, although Vaksman did not name the State as a defendant, we held that his suit was against the State. *Id.* ("When, as here, State employees are sued in their official capacities for acts they performed within the scope of their authority, the suit is against the State.") *See also Battin v. Samaniego,* 23 S.W.3d 183, 186 (Tex.App.-El Paso 2000, pet. denied) (In suit against El Paso County and El Paso County Sheriff in his official capacity, "the Sheriff sued in his official capacity is not an entity line distinct from the County. Rather, this is just another way of pleading a suit against the County, for which the Sheriff serves as agent.")

officer for the City.[5] Based upon appellant's own pleadings and admissions, we conclude that appellant has asserted claims against Schauer in his official capacity as a police officer for the City, and, thus, with respect to those claims, that the City is a real party in interest.[6] *Hafer*, 502 U.S. at 25, 112 S.Ct. at 361; *McCartney*, 50 S.W.3d at 606. Accordingly, we turn then to the question of sovereign immunity.

## Schauer's Official Capacity as a City Police Officer

In the case at bar, the City is a governmental unit to which the doctrine of governmental immunity applies. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.2004). As discussed above, a police officer is an agent of government. *Blackwell*, 909 S.W.2d at 139.[7]

■ In determining the status of a police officer, we analyze the capacity in which the officer acted at the time he committed the acts for which the complaint is made. *Cherqui v. Westheimer Street Festival Corp.*, 116 S.W.3d 337, 344 (Tex. App.-Houston [14th Dist.] 2003, no pet. h.) (citing *Blackwell*, 909 S.W.2d at 139). "If the officer is performing a public duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's acts, even though the employer may have directed the activities. If the officer was engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer, however, the trier of fact decides whether the officer was acting as a public officer or as a servant of the employer." *Mansfield v. C.F. Bent Tree*

---

5. During the summary judgment hearing, appellant admitted that he had sued "the officer" [Schauer] in his official capacity.

6. Moreover, the City filed its: (1) original answer, (2) motion for summary judgment and alternative plea to the jurisdiction, (3) supplement to its motion for summary judgment and alternative plea to the jurisdiction, (4) opposition to appellant's motion to strike the City's appearance, (5) opposition to appellant's objections to the City's motion for summary judgment and alternative plea to the jurisdiction, (6) reply to plaintiff's response to the City's motion for summary judgment and alternative plea to the jurisdiction, (7) opposition to appellant's motion for continuance and alternative motion to abate, and (8) motion for severance. Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX.R. CIV. P. 60. Under rule 60, an entity has the right to intervene if it could have brought the same action, or any part thereof, in its own name, or if the action had been brought against it, it would be able to defeat recovery, or some part thereof. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990) (citations omitted); *Houston Light-*

*ing & Power Co. v. City of San Antonio*, 896 S.W.2d 366, 372 (Tex.App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.) An intervenor is not required to secure the court's permission to intervene; the party who opposed the intervention has the burden to challenge it by a motion to strike. *Guaranty*, 793 S.W.2d at 657. In the underlying case, the trial court denied appellant's motion to strike the City's answer and summary judgment motion. On appeal, however, appellant did not challenge the trial court's denial of his motion to strike. The trial court granted the City's summary judgment motion, pointing out in its order that the City was "sued through its police officer[, Schauer], in his official capacity." Under these facts, we conclude that the City properly intervened.

7. The Act defines an "employee" as:

a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2) (Vernon Supp.2004).

*Apartment Ltd. P'ship*, 37 S.W.3d 145, 150 (Tex.App.-Austin 2001, no pet.) (deciding issue as matter of law); *Blackwell*, 909 S.W.2d at 139.

 If an off-duty officer observes a crime, as a matter of law, he becomes an on-duty officer for purposes of determining whether or not a private employer is vicariously liable for the officer's actions. *Cherqui*, 116 S.W.3d at 344 (reckless driving); *see also Mansfield*, 37 S.W.3d at 150 (trespassing and indecent exposure); *City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex. App.-Dallas 1994, no writ) (removing taillight lens from car and fleeing scene of crime). An officer's public duty may also be triggered by reasonable suspicion to detain a person for investigation even if the officer lacks knowledge of facts justifying an arrest based on probable cause. *See Crockett v. State*, 803 S.W.2d 308, 311 (Tex.Crim.App.1991) ("[E]ven a temporary detention . . . is not permissible unless the circumstances upon which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity."). When an officer enforces general laws, he acts in the course and scope of his employment as a police officer. *Cherqui*, 116 S.W.3d at 344 (officer enforcing temporary no-parking signs and ticketing cars); *Blackwell*, 909 S.W.2d at 140 (officer escorting motorcade for purpose of directing traffic).

Here, appellant asserts that a fact issue exists as to whether, at the time of the incident, Schauer "was serving in a 'dual capacity'—that of a police officer for the City of Alvin and that of a security guard for the Garden Gate Apartments." In his deposition testimony, appellant stated that after Schauer entered the laundromat and asked whether "any of you all are Moses Johnson," appellant replied that he was

not and gave Schauer his name. Appellant testified that Schauer then asked him for identification. When he responded too slowly, appellant reported, Schauer instigated a physical confrontation.

In a sworn affidavit attached to the City's summary judgment motion, Schauer stated that, when he saw appellant at the laundromat, he believed him to be Johnson, the individual to whom he had been asked to issue a trespass warning. Schauer reported that he followed appellant inside the laundromat and asked him if he were Johnson. Schauer testified that, after appellant denied being Johnson, he asked appellant his name in order to investigate further to verify that appellant was not, in fact, Johnson. Schauer indicated that, after appellant refused to provide him with any identifying information and uttered profanity, he attempted to arrest appellant.

### City's Governmental Immunity

#### 1. Assault Claim

 Generally, the State, its agencies, and subdivisions, enjoy sovereign immunity from tort liability unless immunity has been specifically waived by the legislature. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001(3)(A–B), 101.025 (Vernon Supp. 2004); *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002); *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.-Houston [1st Dist] 1999, pet. denied). The Texas Tort Claims Act (the Act) creates a limited waiver of governmental immunity for political subdivisions of the state, like the City. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2004). In order for immunity to be waived under the Act, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver. *Scott v. Prairie View A & M*

*Univ.,* 7 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

The Act expressly waives a city's governmental immunity in three general areas: (1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premise defects. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021–.022 (Vernon Supp.2004); *Brown,* 80 S.W.3d at 554. However, this waiver of immunity does not extend to claims arising out of intentional torts. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon Supp. 2004); *Scott,* 7 S.W.3d at 719. Rather, the Act specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon Supp.2004).

In the underlying claim, appellant asserted that, after failing to identify himself as an on-duty police officer, Schauer "harassed, manhandled, and assaulted" appellant when he did not provide proof of identification to Schauer immediately. Additionally, appellant asserted that Schauer assaulted appellant by using unnecessary force, dragging appellant out of the laundromat, slamming appellant's head against the hood of an unmarked police car, and "smashing his person" to the gravel parking lot.

■ The elements of assault are the same in both civil and criminal cases. *Forbes v. Lanzl,* 9 S.W.3d 895, 899 (Tex. App.-Austin 2000, pet.denied). A person commits an assault by (1) intentionally, knowingly, or recklessly causing bodily injury to another; (2) intentionally or knowingly threatening another with imminent bodily injury; or (3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01 (Vernon 2004); *Forbes,* 9 S.W.3d at 900; *Wal-Mart Stores, Inc. v. Odem,* 929 S.W.2d 513, 522 (Tex.App.-San Antonio 1996, pet. denied). Appellant's allegations of assault fit squarely within section 101.057's exclusion of claims arising out of intentional torts. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057; *Tex. Dept. Of Pub. Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001). Therefore, any waiver of immunity under the Tort Claims Act is precluded, and the City has no liability for Schauer's alleged assault of appellant.

### 2. Negligence Claim

■ Appellant alleges that Schauer is guilty of negligence by initiating a physical confrontation with appellant, breaching Schauer's duty "to perform his official/quasi-official/extra-official functions without injuring others." Appellant also contends that Schauer proximately caused appellant's physical injuries by using unnecessary force on appellant after appellant retrieved his proof of identification too slowly.[8] Thus the conduct appellant complains of as negligence is the same conduct that forms the basis of his assault

---

8. In his petition, appellant contends that Schauer "caused injury by a condition or use of tangible personal or real property of the [City]." Indulging every reasonable inference in appellant's favor, we infer that appellant refers to Schauer's alleged act of slamming appellant against a City police car. Slamming appellant against a City police car is an intentional rather than negligent act, and thus does not fall within the waiver of sovereign immunity. *See Petta,* 44 S.W.3d at 580 (ignoring police procedure by continuing a high speed pursuit and ignoring an order not to shoot at appellant were intentional rather than negligent acts).

claim against Schauer.[9] *See Petta,* 44 S.W.3d at 580; *Holland v. City of Houston,* 41 F.Supp.2d 678, 713–14 (S.D.Tex. 1999). Thus, appellant's negligence claim against Schauer focusing on Schauer's initiating a physical confrontation with appellant is in essence an intentional tort claim and does not fall within the Tort Claims Act's waiver of governmental immunity. *See Petta,* 44 S.W.3d at 580; *Holland,* 41 F.Supp.2d at 714.

### 3. Trespass to the Person

■ Appellant also contends that Schauer committed "trespass to the person" by initiating a physical confrontation with appellant and "subjectively and tortuously defining the parameters for [appellant] to answer [Schauer's] interrogatories." Appellant defines "trespass to the person as an unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another." He contends that the Tort Claims Act waives the City's immunity for such acts. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021. The conduct appellant complains of in his "trespass to the person" claim is the same conduct that forms the basis of his assault claim, namely, Schauer's arrest of appellant and Schauer's use of force against appellant. Therefore, we construe appellant's "trespass to the person" allegations to be part and parcel of appellant's assault claim. *See Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 629 (Tex.1967).

### 4. Schauer's Capacity

■ The parties dispute whether Schauer acted in his official capacity or as an employee of the Garden Gate Apartments at the time of the incident. Appellant, in fact, alleges both, in the alternative: primarily, that he acted unofficially on behalf of Garden Gate Apartments, but, alternatively, that, if he acted as a police official, then he did so in bad faith. Regardless of Schauer's employment status at the time of the incident, appellant's pleadings cannot allege a separate claim against the City. If Schauer acted within the course and scope of his employment of the City, then, as discussed above, the City has sovereign immunity for appellant's claims, and the law provides no waiver of that immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021–.022 (Vernon Supp. 2004). In such a circumstance, whether Schauer has official immunity depends largely upon whether he acted in bad faith, an issue left pending in the trial court and not part of this appeal. *See Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 424 (Tex. 2004) (Public officials are entitled to official immunity from liability in performing (1) discretionary duties (2) in good faith (3) within the scope of their authority.) If Schauer did not act within the course and scope of his employment with the City, then, as a matter of law, the City is not vicariously liable for his acts, appellant cannot allege a claim against the City, and Schauer cannot claim official immunity. *See id.* In either instance, whether Schauer acted within the course and scope of his employment with the City or not,

---

**9.** Where the essence a claim under the Act arises from an intentional tort, allegations of negligence are insufficient to avoid the section 101.057 exception to liability. *Holland,* 41 F.Supp.2d at 713 (holding plaintiff's claims that fatal gunshot victim's injuries were caused by officer's negligent use of tangible personal property—his service re- volver—were intentional tort claims, "regardless of the language used.") Judge Crone adjudged, "[t]he tort about which the plaintiffs complain is, in essence, assault and battery, and their allegations of negligence are not sufficient to avoid the intentional torts exception to the TTCA." *Id.*

appellant has no claim against the City. The trial court, therefore, properly granted summary judgment to the City. Schauer's employment status at the time of the incident remains an issue for determination in the case against Schauer in the trial court.

We conclude that the City's governmental immunity is not waived for appellant's assault, negligence, and trespass to the person claims, and that, accordingly, the City is entitled to summary judgment on those claims.[10]

We hold that the trial court did not err in granting summary judgment to the City on appellant's assault and negligence claims for acts committed by Schauer in his official capacity.

### Continuance

In his second point of error, appellant contends that the trial court erred by granting summary judgment to the City because appellant was denied an opportunity to conduct sufficient discovery. Specifically, appellant contends that it was—and still is—"factually unclear" just what Schauer's "role" or capacity was at the time of the incidents that constitute the basis of the underlying claim, and that,

consequently, neither official immunity nor sovereign immunity "can attach until such a finding is rendered." Appellant further contends that the trial court erred by allowing the City "to arbitrarily enter and exit this matter" before appellant had adequate time to conduct discovery with respect to the issue of whether or not Schauer was entitled to official immunity.

We construe appellant's point of error to be a complaint that the trial court denied appellant's motion for continuance. The motion was not supported by an affidavit. Rule 251 provides that a continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex.R. Civ. P. 251. General allegations in the motion are not sufficient; the motion or the affidavit must state specific reasons for the request. *See Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex.App.-Houston [1st Dist.] 1994, no writ). Granting or denying a motion for continuance is within the sound discretion of the trial court. *Id.* If a motion for continuance is not verified or supported by affidavit, the appellate court will presume that the trial court did not abuse its discretion in deny-

---

**10.** Even if the City is immune from liability for Schauer's actions in his official capacity, however, Schauer himself can be held liable in his individual capacity for violations of law committed while performing putatively official acts unless he proves that he is entitled to official immunity for those acts. *See Graham*, 473 U.S. at 165, 105 S.Ct. at 3105. Official immunity is an affirmative defense; therefore, the burden is on the defendant to establish all elements of the defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Public officials are entitled to official immunity from liability in performing (1) discretionary duties (2) in good faith (3) within the scope of their authority. *Ballantyne*, 144 S.W.3d at 424; *Kassen v. Hatley*, 887 S.W.2d 4, 9 (Tex.1994). Public officials act within the scope of their authority if they are discharging the duties generally assigned to

them. *Chambers*, 883 S.W.2d at 651. If an action involves personal deliberation, decision and judgment, it is discretionary for purposes of official immunity. *Id.* Finally, an official acts in good faith if "a reasonably prudent official, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." *Ballantyne*, 144 S.w.3d at 426; *Chambers*, 883 S.W.2d at 656–57. " 'Thus qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.' " *Chambers*, 883 S.W.2d at 656 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)). Schauer pled official immunity as an affirmative defense, but he has not moved for summary judgment on this issue and is not a party to this appeal; we, therefore, do not decide it.

ing the motion. *Southwest Country Enters., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493 (Tex.App.-Fort Worth 1999, pet. denied).

In this case, appellant did not support his motion for continuance with an affidavit. Therefore, we presume that the trial court did not abuse its discretion in denying the motion. Accordingly, we overrule appellant's second point of error.

### Abatement

 In his third point of error, appellant contends that the trial court erred by refusing to grant appellant's motion to abate the City's summary judgment. In the underlying action, appellant filed a "motion to abate" wherein he requested that the trial court:

> abate all rulings regarding sovereign immunity/Plea to the Jurisdiction issues regarding the City of Alvin until the fact issue regarding the capacity in which Defendant Schauer acted on March 22, 2000 can be determined by the trier of fact. The City of Alvin retains the right to a plea to the jurisdiction, even after judgment. [citation omitted]. Hence, the City of Alvin is not prejudiced by such an order by this Court.

Under these circumstances, however, a motion to abate is not a proper procedural tool. A motion to abate is used to challenge the plaintiff's pleadings by alleging facts outside the pleadings that prove the suit cannot go forward in its present condition. *Tex. Highway Dept. v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967); *Truong v. City of Houston,* 99 S.W.3d 204, 216 (Tex. App.-Houston [1st Dist.] 2002, no pet.). In the motion to abate, the defendant must (1) identify any impediment to the continuation of the suit, (2) identify an effective cure, and (3) ask the court to abate the suit until the defect is corrected. *Truong,* 99 S.W.3d at 216. In this case, the existence of a "fact issue" regarding Schauer's capacity at the time of the underlying incident is not an impediment to the continuation of the suit since the City is immune as a matter of law from liability for all claims asserted against Schauer in his official capacity, and the suit continues below on any claims against Schauer in his individual capacity or against Garden Gate Apartments. Therefore, we hold that the trial court did not err in denying appellant's "motion to abate." Accordingly, we overrule appellant's third point of error.

### Conclusion

We affirm the judgment of the trial court.