Opinion issued June 16, 2005








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00142-CV




JACOB M. SCHAUER, Appellant

V.

CHARLES TERRELL MORGAN, Appellee




On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 16330*RM01




O P I N I O N

          Appellee Charles Terrell Morgan sues appellant Jacob M. Schauer, in his
individual capacity, and in his capacity as a police officer with the City of Alvin. The
lawsuit alleges (1) assault, (2) negligence, and (3) trespass to the person. Morgan’s
claims arise out of Schauer’s arrest of Morgan. Upon the City’s intervention in the
case, the trial court granted a summary judgment in its favor, which this court
affirmed.


 Schauer then moved for summary judgment, contending that he is immune
from personal liability. The trial court denied Schauer’s motion. In this interlocutory
appeal, Schauer contends the trial court erred in denying his motion for summary
judgment because he is immune from Morgan’s claims under the Texas Tort Claims
Act and the doctrine of official immunity. See Act of May 17, 1985, 69th Leg., R.S.,
ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005)).


 We
conclude that section 101.106 bars liability against Schauer and therefore reverse the
trial court’s order. Background
          In March 2000, a manager of the Garden Gate Apartments asked Detective
Schauer—who moonlighted as a security guard for the complex—to issue a trespass
warning to Moses Johnson, a registered sex offender. Schauer drove past a
laundromat and saw Morgan inside. Schauer entered the laundromat and asked
whether Johnson was present. Morgan replied that he was not Johnson. Schauer then
asked Morgan to produce identification. The parties dispute the length of time it took
Morgan to respond to Schauer’s request, as well as whether or not Morgan used
profanities in his response. It is undisputed, however, that the incident ended in
Schauer’s arresting Morgan for disorderly conduct and failure to identify himself to
a police officer. 
          Morgan alleges that, because he was slow to produce his identification,
Schauer instigated a physical confrontation, handcuffed him, dragged him out of the
laundromat, slammed his head against the hood of a parked car, and smashed his
person to the gravel parking lot. 
Procedural History 
          Morgan sued Schauer for personal injuries and trespass. Although Morgan
initially did not name the City as a defendant in his original petition, he later amended
his petition to allege that, during the incident in question, Schauer acted as (1) an
agent of Garden Gate Apartments, (2) an individual, and, alternatively, (3) an agent
of the Alvin Police Department. 
          Thereafter, the City intervened and answered, asserting that Schauer is entitled
to official immunity and that the City is entitled to governmental immunity under the
Texas Tort Claims Act. See generally Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001–.051 (Vernon 2005). 
          In April 2002, the City moved for summary judgment contending that it is a
real party in interest for Morgan’s claims against Schauer in his official capacity, and
that it is entitled to governmental immunity. The trial court granted the City’s
motion. Subsequently, the trial court granted the City’s motion for severance,
rendering the summary judgment granted in the City’s favor a final judgment. 
Morgan appealed the judgment in favor of the City to this court. We affirmed. See
Morgan, No. 01-02-01212-CV, 2004 WL 2005968, at *8 (Tex. App.—Houston [1st
Dist.] Sept. 9, 2004, no pet.). 
          Schauer then moved for a summary judgment as to Morgan’s claims against
him, based on the immunity provided by section 101.106 of the Texas Civil Practice
and Remedies Code and by official immunity. The trial court denied Schauer’s
motion and he appealed.



Standard of Review
          We conduct a de novo review of the denial of a motion for summary judgment.
See Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004) (per curiam) (reviewing
denial of defendant’s plea to jurisdiction de novo); see also Drogin v. Campbell, 928
S.W.2d 205, 206 (Tex. App.—San Antonio 1996, no writ). To obtain summary
judgment, a movant must show that no genuine issue of material fact exists, and that
he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); see also
Morgan, 2004 WL 2005968, at *2. In reviewing a trial court’s denial of summary
judgment, we accept all evidence in favor of the nonmovant as true, indulge every
reasonable inference in favor of the nonmovant, and resolve any doubts in the
nonmovant’s favor. Morgan, 2004 WL 2005968, at *2 (citing Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985)). If a party moves for summary
judgment based on an affirmative defense, such as section 101.106, then it has the
burden to establish conclusively each element of the defense as a matter of law. Id.
(citing Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995), Farah v. Mafrige &
Kormanik, P.C., 927 S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no
writ)). Once established, the burden of raising a disputed fact issue as to an
affirmative defense shifts to the nonmovant. Id. (citing Brand v. Savage, 920 S.W.2d
672, 673 (Tex. App.—Houston [1st Dist.] 1995, no writ)). Here, we examine whether
a fact issue exists regarding the application of immunity under section 101.106. Id. Section 101.106 of the Texas Tort Claims Act
          Schauer contends the trial court erred in denying his motion for summary
judgment because he is entitled to the derivative immunity provided by section
101.106 of the Texas Tort Claims Act, which provides that “[a] judgment in an action
or a settlement of a claim under this chapter bars any action involving the same
subject matter by the claimant against the employee of the governmental unit whose
act or omission gave rise to the claim.” See Act of May 17, 1985, 69th Leg., R.S.,
ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005)). This
section provides that a judgment in an action against a governmental entity bars any
action against an employee arising out of the same subject matter. Id. (emphasis
added); see also Newman v. Obersteller, 960 S.W.2d 621, 622 (Tex. 1997); Thomas
v. Oldham, 895 S.W.2d 352, 355 (Tex. 1995). The Texas Supreme Court has held
that the statutory language “bars any action” is an unequivocal grant of immunity in
this context. Newman, 960 S.W.2d at 622 (emphasis in original). In Thomas and
later in Harris County v. Sykes, the Texas Supreme Court observed “[t]he purpose of
section 101.106 is to protect employees of a governmental unit from liability when
a judgment or settlement has been obtained from the government employer pursuant
to a claim under Chapter 101 of the Texas Tort Claims Act.” Harris County v. Sykes,
136 S.W.3d 635, 640 (Tex. 2004) (citing Thomas, 895 S.W.2d at 357). Thus, section
101.106 applies not only to judgments against governmental entities taken before suit
is brought against an employee, but also to settlements or judgments taken against a
governmental entity occurring at any time during the pendency of the action against
the employee. Id. 
          Morgan observes that he sues Schauer in his individual capacity, as well as his
official capacity as a police officer, and thus a fact issue exists as to the capacity in
which Schauer acted. As the dissent notes, moreover, this is not a case in which the
governmental entity settled or suffered a judgment against it. Rather, the City
received a judgment in its favor. The Texas Supreme Court, however, has determined
that the language “bars any action” is an unequivocal grant of immunity to the
governmental employee when a suit against the governmental entity has proceeded
to a judgment, regardless whether the judgment is for or against the governmental
entity. See Dallas County Mental Health & Retardation v. Bossley, 968 S.W.2d 339,
343 (Tex. 1998) (stating that immunity conveyed to governmental employees by
Section 101.106 is triggered by any judgment, including favorable one for
governmental entity); see also Newman, 960 S.W.2d at 622; Aguilar v. Ramirez, No.
13-03-00339-CV, 2004 WL 1353723, at *2 (Tex. App.—Corpus Christi June 17,
2004, pet. denied) (mem. op.).
          Moreover, section 101.106 does not limit its application to governmental
employees acting within the scope of their employment or in good faith. Owens v.
Medrano, 915 S.W.2d 214, 216 (Tex. App.—Corpus Christi 1996, writ denied). 
Instead, the relevant inquiry is whether the plaintiff’s claims against the governmental
entity arise under the Texas Tort Claims Act, not whether the plaintiff’s individual
claims do so. See White v. Annis, 864 S.W.2d 127, 130 (Tex. App.—Dallas 1993,
writ denied); see also Bell v. Love, 923 S.W.2d 229, 233 (Tex. App.—Houston [14th
Dist.] 1996, no writ). A judgment under the Texas Tort Claims Act bars actions
against the governmental employee individually arising out of the “same subject
matter,” as opposed to the same cause of action. Bossley, 968 S.W.2d at 344
(providing that in applying section 101.106 to causes of action brought against
defendant in his individual capacity, “same subject matter” in section 101.106 means
“arising out of the same actions, transactions, or occurrences”). 
          We previously have recognized that the immunity extended by section 101.106
is harsh, for it requires a plaintiff to elect at the outset of the litigation whether to
pursue a defendant in any governmental capacity for which his employer later may
be found to have immunity, and thus eliminate any pursuit of claims brought against
the defendant in an individual capacity. Brand, 920 S.W.2d at 675; see also
McGowen v. Huang, 120 S.W.3d 452, 459 (Tex. App.—Texarkana 2003, pet.
denied). The Texas Supreme Court has noted: 
Although a plaintiff who pursues the statutory remedy against the
government may lose his or her common law remedy against the
employee, the plaintiff is not required to follow this course. He or she
may still opt to pursue the full common law remedy against the
responsible employee, foregoing or postponing any attempt to recover
from the government. 

Oldham, 895 S.W.2d at 357–58. Thus, “[o]nce the plaintiff invokes the procedural
devices of the Texas Tort Claims Act, to bring a cause of action against the State,
then he also is bound by the limitations and remedies provided in the statute.” State
Dep’t of Highways & Pub. Transp. v. Dopyera, 834 S.W.2d 50, 54 (Tex. 1992); see
also Brand, 920 S.W.2d at 675 (stating that if plaintiff chooses to bring action under
Act, “she is bound by its provisions and limitations including section 101.106”). 
          Here, Morgan’s claims against Schauer, as an agent of the Alvin Police
Department, constituted claims against the City. See Morgan, 2004 WL 2005968, at
*8 (holding that with respect to claims against police officer, in his official capacity,
City is real party in interest). Applying the standards for governmental immunity
provided by the Texas Tort Claims Act, we affirmed the trial court’s summary
judgment granted to the City. Id. Applying section 101.106, we hold that the trial
court’s final judgment dismissing Morgan’s claims against the City bars Morgan’s
claims against Schauer individually because they are claims that arise out of the same
occurrence—i.e., Schauer’s alleged tortious misconduct at the laundromat. 
Accordingly, we hold that the trial court erred in denying Schauer’s motion for
summary judgment.


 

Conclusion
          We hold that the applicable version of section 101.106 of the Texas Tort
Claims Act bars actions against governmental employees individually if a settlement
or judgment exists as to their governmental employer arising out of the same
occurrence. We therefore reverse the trial court’s order denying Schauer’s summary
judgment and render judgment that Morgan take nothing. We deny Morgan’s request
for appellate sanctions.  
 
 
                                                             Jane Bland
                                                             Justice

Panel consists of Justices Keyes, Hanks, and Bland.
Justice Keyes, concurring and dissenting.