NUMBER 13-09-00075-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CAMERON COUNTY, TEXAS, Appellant,


v.
 


FRANCISCO ORTEGA, Appellee.

 


On appeal from the 107th District Court 


of Cameron County, Texas.


 


O P I N I O N



Before Justices Rodriguez, Garza, and Vela 


Opinion by Justice Rodriguez



 Appellant, Cameron County, Texas (the "County"), brings this accelerated
interlocutory appeal following the trial court's denial of its plea to the jurisdiction. By one
issue, the County asserts that the trial court erred in denying its plea to the jurisdiction
because it is immune from suits based on the doctrine of sovereign immunity. We reverse
the trial court's order and render judgment dismissing the claims against the County. 

I. BACKGROUND

 Francisco Ortega, appellee, filed his original petition, asserting that the County was
responsible for injuries occurring during his arrest. He claimed a deputy from the County
Sheriff's department knowingly, intentionally, and/or recklessly tightened his handcuffs. 
Ortega's amended petition alleges the following facts: on May 20, 2006, the deputy
arrested and handcuffed Ortega; the deputy fastened the handcuffs, causing the cuffs to
press against Ortega's right wrist; upon being cuffed, Ortega complained of the tightness
of the handcuffs; the deputy then further tightened the handcuffs; Ortega remained tightly
cuffed while being transported to the Cameron County jail; he complained of pain during
the transport, and again when he arrived at the jail; later, when the jailers observed
swelling and discoloration of Ortega's right wrist, they relieved the pressure and
transported Ortega to the Valley Regional Medical Center; he was treated for torn tissue
in the area of his right hand, arm, or wrist. 

 The County filed special exceptions to Ortega's original petition, requesting that
Ortega show that he gave proper notice of his injuries to the County and state the
maximum amount of damages sought. The trial court granted the County's special
exceptions to Ortega's original petition. The County then filed a plea to the jurisdiction,
arguing that Ortega cannot affirmatively state a claim that falls within the limited waiver of
sovereign immunity and that proper notice of the injury was not given to the County under
the Texas Tort Claims Act ("TTCA"). See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021,
101.0215, 101.101 (Vernon 2005). Ortega then filed his amended petition and responded
to the County's plea to the jurisdiction alleging that the deputy was negligent in his use of
handcuffs and, thus, sovereign immunity was waived. See id. The trial court denied the
County's plea to the jurisdiction. This appeal ensued. 

II. STANDARD OF REVIEW & APPLICABLE LAW

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action
without regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the
subject matter of a pleaded cause of action. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004); Tex. Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807
(Tex. App.-Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law;
therefore, we review de novo a trial court's ruling on a plea to the jurisdiction. Miranda, 133
S.W.3d at 226; Morris, 129 S.W.3d at 807. 

 A plaintiff bears the burden of alleging facts which affirmatively demonstrate the trial
court's jurisdiction. Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002);
Morris, 129 S.W.3d at 807. When a trial court's decision concerning a plea to the
jurisdiction is based on the plaintiff's petition, the appellate court must accept as true all
factual allegations in the petition. Id. The appellate court must examine the pleader's
intent and construe the pleading in the plaintiff's favor. Ramirez, 74 S.W.3d at 867; County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). However, a plea to the jurisdiction
may be granted without allowing the plaintiff to amend the pleading if the pleading
affirmatively negates the existence of jurisdiction. Ramirez, 74 S.W.3d at 867; Brown, 80
S.W.3d at 555. 

III. DISCUSSION

 In its first and only issue, the County asserts that it is protected from suit by the
doctrine of sovereign immunity. Sovereign immunity cannot be waived except by statute
or by the Texas Constitution. Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008). The
TTCA provides a waiver of sovereign immunity for harm caused by the negligence of an
employee, acting within the scope of his employment, if the harm was caused by the
"operation and use of motor vehicles"; the "employee would be personally liable to the
claimant"; or the harm was caused by the "condition or use of tangible personal property." 
Tex. Civ. Prac. & Rem. Code Ann. §101.021. However, the TTCA is limited and does not
waive immunity for claims "arising out of assault, battery, false imprisonment or any other
intentional tort . . . ." Id. at § 101.057(2) (Vernon 2005). 

 Ortega must not only allege elements of waiver in his petition, but he must also
plead facts that show the elements of waiver within the scope of the TTCA in order to show
that the trial court has jurisdiction. Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583,
587 (Tex. 2001); Nueces County v. Ferguson, 97 S.W.3d 205, 219 (Tex. App.-Corpus
Christi 2002, no pet.) (holding that a plaintiff who sues under state law must show waiver
of immunity to establish jurisdiction). In his first amended petition Ortega contends that the
County is liable for his injuries because the TTCA waives immunity for negligent conduct. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.021. To support this claim, Ortega alleged
that the County negligently used handcuffs by applying excessive pressure at his initial
cuffing. Ortega's petition alleges that after Ortega complained of the initial discomfort, the
deputy tightened the handcuffs more, "far exceeding the pressure necessary to properly
restrain Ortega." Ortega claims that the deputies, the arresting deputy, and the deputies
from the jail negligently ignored his complaints of pain, breaching the duty of prudent care
owed to Ortega. In addition, Ortega alleges claims of infliction of bodily injury and offensive
physical contact, asserting that the deputy used excessive force during his handcuffing and
then failed to investigate his complaints. 

 Texas law states that, even if a claim is framed in negligence, when the facts
pleaded amount to an intentional tort, the claim does not cause a waiver of sovereign
immunity under the TTCA. See Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580
(Tex. 2001) (concluding that the plaintiff's negligent claims were the same as the conduct
she asserted in her claim for assault; thus, she failed to prove waiver); Pineda v. City of
Houston, 175 S.W.3d 276, 282-283 (Tex. App.-Houston [1st Dist.] 2004, no pet.) (holding
that appellant's claim of the officer's negligent performance of a duty failed because the
claim focused on the shooting of the victim). In other words, a plaintiff cannot circumvent
the intentional nature of his claim by calling the action negligent. City of Laredo v. Nuno,
94 S.W.3d 786, 789 (Tex. App.-San Antonio 2002, no pet.). 

A. Assault

 Ortega's petition claims that the deputy made offensive physical contact with Ortega
and caused bodily injury by treating him roughly while tightening Ortega's handcuffs and
placing him in the patrol car. A person commits assault when he "intentionally, knowingly
or recklessly causes bodily injury to another. . . or when the person knows or should
reasonably believe that the other will regard the contact as offensive." Tex. Penal Code
Ann. § 22.01 (a)(1), (3) (Vernon 2003). Assault elements are the same in both civil and
criminal cases. Morgan v. City of Alvin, 175 S.W.3d 408, 418 (Tex. App.-Houston [1st
Dist.] 2004, no pet.). In City of Waco v. Williams, the plaintiff alleged that the officers had
negligently repeatedly shot the victim with taser guns; however, the court held that even
though the plaintiff attempted to plead negligence, the officers would have reasonably
believed that the plaintiffs would regard the intended physical contact as offensive. 209
S.W.3d 216, 213 (Tex. App.-Waco 2006, pet. denied). Just as repeated shots of a taser
gun displayed the officers's intent to offensively contact the victim, the tightening of
Ortega's handcuffs after the deputy was made aware of his discomfort displays the
deputy's intent to offensively contact Ortega. Thus, the actions described in Ortega's
pleading describe an intentional tort and sovereign immunity is not waived. See id.;
Morgan, 175 S.W.3d at 418 (holding that plaintiff's negligence claim actually centered on
the intentional physical confrontation and did not fall within the TTCA waiver); see also
Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2).B. Negligence 

 Even though the TTCA exempts intentional torts from its waiver of sovereign
immunity, the Texas Supreme Court has held that section 101.057(2) must not be
construed too broadly because a suit can be brought against a government entity for
negligent acts committed by the government entity. Delaney v. Univ. of Houston, 835
S.W.2d 56, 59 (Tex. 1992). The words "arising out of" from section 101.057(2) require a
"nexus between the claim and the intentional tort" and the "tortfeasor must be a
governmental employee whose conduct is the subject of the complaint" in order for the act
to be exempted from waiver. Id. In Morgan, the plaintiff attempted to construe the officer's
conduct (grabbing the appellant, handcuffing him, and throwing him in the car) as negligent
by claiming that the officer breached his "duty to perform official functions without injuring
others" and that the officer used unnecessary force in his arrest, which resulted in his
physical injuries. Id., 175 S.W.3d at 418; see also Pineda, 175 S.W.3d at 283 (noting that,
although the plaintiff's petition claimed that officers failed to use reasonable care when
using pistols, the focus was on the conduct, i.e., the shooting of the plaintiff, which was an
intentional tort); Nuno, 94 S.W.3d at 789 (stating that, although the plaintiff's claims were
stated in terms of the officer's negligence in placing plaintiff in a police vehicle and failing
to properly apply handcuffs, the focus of the claim was on the intentional acts of using
excessive force to arrest plaintiff). However, the court held that because the claims of
negligence arose from the same foundation as the claims of assault, the negligence claim
was essentially an intentional tort claim and did not waive sovereign immunity under the
TTCA. Morgan, 175S.W.3d at 418. 

 Similarly, Ortega attempts to frame his claims in terms of negligence, asserting that
the deputy breached the duty of care owed Ortega when the deputy applied excessive
pressure that far exceeded the force necessary to properly restrain Ortega. However,
though attempting to plead a breach of duty, Ortega's pleading focuses on the deputy's
conduct as described above. Thus, Ortega's negligence claim arises from the same set
of facts pleaded for his claims of bodily injury and offensive contact, which are the
elements of assault, an intentional tort. See Tex. Penal Code Ann. § 22.01 (a)(1), (3); see
also Delaney, 835 S.W.2d at 59. Because the TTCA does not waive sovereign immunity
for intentional torts and the pleading does not allege facts showing actual negligent
conduct, Ortega failed to establish a waiver of sovereign immunity. See Morgan, 175
S.W.3d at 418; see also Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2). Therefore, the
pleading affirmatively negates the existence of the trial court's jurisdiction. See Brown, 80
S.W.3d at 555. The County's first and only issue is sustained. (1) 

IV. CONCLUSION

 We reverse the trial court's order denying the County's plea to the jurisdiction and
we render judgment granting the County's plea to the jurisdiction. 

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed 

this 2nd day of July, 2009.


1. Because the County is immune to suit, we need not discuss the County's sub-issue on notice. See
Tex. R. App. P. 47.1.