

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00674-CV

John M. **DONOHUE**, Owner 2005 Dodge HD 2500 Truck VIN 3D7KS28C2560708438 TXLP
86ZZF3,
Appellant

v.

Daniel R. **BUTTS**, Bandera County Sheriff; J.J. Martinez, Deputy; Deputy John Doe #1; Deputy
John Doe #2; Deputy John Doe #3, Individually and In Their Official Capacity,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-14-0000180
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 12, 2015

AFFIRMED

John M. Donohue challenges the trial court's judgment granting the plea to the jurisdiction

filed by appellees Daniel R. Butts, Sheriff, and Deputies of the Bandera County Sheriff's

Department (collectively, "Butts").  We affirm the judgment of the trial court.

BACKGROUND

On June 4, 2014, Donohue filed an Original Notice of Assault and False Imprisonment

naming Butts and two John Doe officers as defendants in their official and individual capacities.

Donohue alleged that he suffered personal injuries by the Bandera County Sheriff's Office when they responded to his non-emergency 911 call for assistance. In the pleading, Donohue states that he is bringing claims under Chapters 20 and 22 of the Texas Penal Code and Amendments IV, V, VI, and VII of the United States Constitution. Donohue alleged that Butts, through vicarious liability, committed false imprisonment, assault, and aggravated assault, and also violated his Fourth Amendment right to be secure in his home. Donohue sought compensatory and punitive damages.

On June 11, 2014, Donohue filed his Original Notice of Complaints and Claims for Relief in which he named Butts, Deputy J.J. Martinez, and three John Doe Deputies, each individually and in their official capacity, as defendants. Donohue alleged that the defendants damaged his truck when they fired shots at it and that they illegally seized his vehicle. Donohue sought compensatory and punitive damages and restitution in an amount equal to the value of his truck.

In response, Butts filed a Plea to the Jurisdiction, Plea in Abatement, and Original Answer asserting governmental immunity. After a hearing in which Donohue appeared telephonically, the trial court granted Butts' plea to the jurisdiction and dismissed Donohue's claims with prejudice.

## DISCUSSION

In his pro se First Amended Brief filed on January 16, 2015, Donohue raises five issues. He contends the trial court erred in granting the plea to the jurisdiction because: (1) the trial court had jurisdiction under the Penal Code; (2) he did not allege negligent or intentional torts; (3) the trial court did not act on Donohue's motion to release information or (4) his request for disclosure; and (5) the lawsuit should not have been dismissed with prejudice.

## STANDARD OF REVIEW

A trial court must have subject-matter jurisdiction to decide a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plaintiff bears the initial burden of

alleging facts that affirmatively demonstrate the trial court's subject matter jurisdiction over the suit. *Id.* at 446. A defendant may challenge the trial court's subject matter jurisdiction through a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Whether a court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we review de novo a challenge to the trial court's subject matter jurisdiction. *Id.*

### GOVERNMENTAL IMMUNITY AND WAIVER THROUGH THE TORT CLAIMS ACT

Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, such as counties. *See id.* The purpose of sovereign immunity, and its counterpart, governmental immunity, is to protect subdivisions of the state from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Furthermore, "[a] suit against government employees in their official capacities is, in all respects, a suit against the State; thus employees sued in their official capacities are shielded by sovereign immunity." *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Specifically, "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) (noting that a suit against a county official in his official capacity is a suit against the county "directly in everything but name").

Under Texas law, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *See Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). However, the Texas Tort Claims Act provides a limited waiver of

immunity for certain suits against governmental entities. *Garcia*, 253 S.W.3d at 655. "In order for immunity to be waived under the Tort Claims Act, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The three areas of liability in which immunity is waived under the Tort Claims Act are: "(1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premise defects." *Id.* at 418 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–.022 (West 2011)).

## ANALYSIS

Initially, Donohue claims that he did not bring suit under the Tort Claims Act but, rather, asserted claims under the Texas Penal Code, and therefore has not alleged the commission of a negligent or intentional tort by a County employee acting in his official capacity which would preclude subject-matter jurisdiction. We disagree. To begin with, Donohue has no standing to bring suit under the Penal Code. *See* TEX. CODE CRIM. PROC. ANN. art. 3.02 (West 2015) ("A criminal action is prosecuted in the name of the State of Texas against the accused, and is conducted by some person acting under the authority of the State, in accordance with its laws."). Further, despite the alleged penal nature of his claims, Donohue filed a civil lawsuit seeking compensatory and punitive damages from Bandera County.

Bandera County is a governmental unit entitled to governmental immunity, and thus, to immunity from suit. *Catalina Dev., Inc. v. Cnty. of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003) (noting county is governmental unit protected by sovereign immunity); *Franks v. Zwicke*, No. 04-12-00529-CV, 2013 WL 1642722, at *3 (Tex. App.—San Antonio Apr. 17, 2013, no pet.) (mem. op). When filing a suit for damages against a governmental entity, the plaintiff must affirmatively

plead and prove the court's jurisdiction to hear the lawsuit under the Tort Claims Act. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Donohue's pleadings did not allege a waiver of immunity, nor does it appear from his pleadings that such a waiver exists. To wit, Donohue's claims do not arise from the use of a motor-driven vehicle; do not arise from a condition or use of tangible personal property; nor do they arise from a premise defect. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–.022. Rather, Donohue alleged false imprisonment, assault, and destruction of personal property claims against the Bandera County Sheriff and deputies in their personal and official capacities. Such intentional torts by government employees are not covered under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011) (noting Tort Claims Act does not apply to claim arising out of assault, battery, false imprisonment, or any other intentional tort); *see also Hohman*, 6 S.W.3d at 777 (stating "[t]he Texas Tort Claims Act provides that sovereign immunity exists for intentional torts"). Because the facts pled by Donohue amount to intentional torts, we hold there is no waiver of immunity under the Tort Claims Act. Thus, we hold Donohue's claims were properly dismissed, and the trial court did not err in granting the plea to the jurisdiction. Accordingly, we overrule Donohue's first and second issues.

Additionally, Donohue contends the court erred in dismissing his claims with prejudice. "In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect." *Sykes*, 136 S.W.3d at 639. However, if the pleadings affirmatively negate jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend his petition. *Miranda*, 133 S.W.3d at 227. Thus, when there is a lack of subject matter jurisdiction due to governmental immunity, as in this case, dismissal with prejudice is proper. *See Sykes*, 136 S.W.3d at 639. Because Donohue's claims are barred by governmental immunity, and Donohue cannot cure such a defect, we hold the trial court did not err in dismissing Donohue's

claims with prejudice. *See Franks*, 2013 WL 1642722, at \*5-6. Accordingly, we overrule Donohue's fifth issue.

Finally, Donohue asserts that the trial court erred in failing to act on his motion to release information and his request for disclosure. "When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence [beyond the allegations in the pleadings], the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Miranda*, 133 S.W.3d at 227. Thus, while limited discovery may be appropriate when an evidence-based jurisdiction challenge is asserted, when jurisdiction can be determined from the face of the pleadings, the trial court does not abuse its discretion in refusing to allow discovery. *Id.*; *see also Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *Delk v. Lehmberg*, No. 03-12-00678-CV, 2014 WL 1910314, at \*3 (Tex. App.—Austin May 9, 2014, no pet.) (mem. op.) (holding that trial court did not err in granting plea to the jurisdiction before allowing discovery because plaintiff's pleadings affirmatively demonstrated that trial court lacked subject-matter jurisdiction over plaintiff's suit). Here, it is apparent from the face of the pleadings that Butts was immune from the suit. Because Donohue has not shown how discovery or evidence could establish that the trial court had jurisdiction, when the pleadings establish otherwise, we cannot conclude that trial court abused its discretion in refusing to allow discovery. *See Sykes*, 136 S.W.3d at 639 (trial court may dismiss suit filed against governmental entity when it is apparent from pleadings that governmental entity is immune); *LA Ash, Inc. v. Tex. A & M Univ.*, No. 10-07-00388-CV, 2008 WL 4742135, at \*4 (Tex. App.—Waco Oct. 29, 2008, no pet.) (mem. op.) (same). Accordingly, we overrule Donohue's third and fourth issues. Having overruled all of Donohue's issues on appeal, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice