**David E. MOORE, Appellant,**

v.

**UNIVERSITY OF HOUSTON–CLEAR LAKE, Appellee.**

**No. 14–03–01212–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 2005.

ton–Clear Lake's (UHCL) plea because his pleadings demonstrate he initiated action under UHCL's grievance procedures, and UHCL's jurisdictional plea was an improper procedural device to challenge the timeliness of his Whistleblower Act claims.[1] We agree. Because we conclude that Moore initiated action under UHCL's grievance procedures, and this court has previously held that a limitations defense under the Whistleblower Act cannot be raised in a plea to the jurisdiction,[2] the trial court erred in granting UHCL's plea based on these grounds. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Moore was terminated from his position as a UHCL police officer on September 14, 2000, and sued UHCL under the Whistleblower Act on January 25, 2001. UHCL filed its plea to the jurisdiction, challenging Moore's suit as untimely under the Act. Moore filed a motion to strike the plea[3] and a conditional response, arguing that (1) his pleadings demonstrated he had pursued UHCL's grievance procedures; (2) UHCL's plea was an improper procedural device to challenge his suit based on the Act's limitations provisions; and (3) even if UHCL's plea could be construed as a summary judgment motion, it was defective because it was unverified, untimely, and improperly noticed. Moore appeals the trial court's judgment granting UHCL's

Stephen J. Schechter, League City, for appellant.

Peter Breece Plotts, III, Austin, for appellee.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

This is an appeal from the trial court's grant of a plea to the jurisdiction in a suit filed under the Whistleblower Act. Appellant David E. Moore argues the trial court erred in granting the University of Hous-

---

1. See TEX. GOV'T CODE ANN. § 554.001B.010 (Vernon 2004).

2. See, e.g., Univ. of Houston v. Elthon, 9 S.W.3d 351, 356 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.), disapproved of on other grounds, Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); see also Univ. of Tex. Med. Branch at Galveston v. Barrett, 112 S.W.3d 815, 817 (Tex. App.-Houston [14th Dist.] 2003), aff'd 159 S.W.3d 631, 48 Tex. Sup.Ct. J. 472, 2005 WL 563094 (Tex. March 11, 2005) (per curiam); TEX.R. CIV. P. 94 (stating that limitations is an affirmative defense).

3. This motion is not contained in the record.

plea and asserts the same issues on appeal as raised in his conditional response.

## II. DISCUSSION

▮▮▮▮ In its plea, UHCL argued that (1) because Moore failed to notify UHCL he was appealing his termination "based on whistleblower protection," he did not initiate a grievance as required under the Act and therefore, his suit was untimely; (2) alternatively, Moore initiated the appeals process on October 19, 2000, rendering his suit untimely; and (3) even assuming Moore initiated an appeal of his termination in September 2000, his suit was untimely. UHCL did not argue that Moore's pleadings were deficient in any manner.[4]

### A. UHCL's Jurisdictional Argument

This court has previously held that a defendant's challenge to a claim based on the limitations provisions in the Whistleblower Act is an affirmative defense, rather than a jurisdictional defect, which cannot be raised in a plea to the jurisdiction. *See Univ. of Houston v. Elthon,* 9 S.W.3d 351, 356 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.), *disapproved of on other grounds, Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004); *Univ. of Tex. Med. Branch at Galveston v. Barrett,* 112 S.W.3d 815, 817 (Tex.App.-Houston [14th Dist.] 2003), aff'd 159 S.W.3d 631, 48 Tex. Sup.Ct. J. 472, 2005 WL 563094 (Tex. March 11, 2005) (per curiam). Arguably, all three grounds asserted by UHCL in its plea are limitations arguments, and consequently, could not be raised in a plea to the jurisdiction.[5] However, a claimant's complete failure to initiate an appeals procedure has been construed as jurisdictional. Therefore, to the extent that UHCL argues Moore wholly failed to initiate action under the Act, we address that portion of UHCL's claim as though properly raised in its plea.[6]

---

**4.** We acknowledge that, generally, we should look to the substance of a pleading rather than its caption or format to determine its nature. *See Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999); *Wilie v. Signature Geophysical Servs., Inc.,* 65 S.W.3d 355, 362 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). However, we agree with Moore that even were we to construe the plea as a summary judgment motion, it was untimely noticed. In this case, UHCL filed its plea on September 12, 2003, and a hearing was held on the plea on September 26. Under Rule 166a(c), a motion for summary judgment "shall be filed and served at least twenty-one days before the time specified for hearing." TEX.R. CIV. P. 166a(c). Because summary judgment is a harsh remedy, the notice provisions of Rule 166a(c) are strictly construed. *Stephens v. Turtle Creek Apartments, Ltd.,* 875 S.W.2d 25, 27 (Tex.App.-Houston [14th Dist.] 1994, no writ). In addition to his motion to strike the plea and his conditional response, Moore reasserted his objections to the plea during the hearing.

**5.** In its order, the trial court granted the plea in its entirety.

**6.** *See Elthon,* 9 S.W.3d at 355. Texas's appellate courts disagree whether initiating action under the Act is a jurisdictional defect, which can be raised in a plea to the jurisdiction, or an affirmative defense, which cannot be raised in a plea. *Compare Tex. S. Univ. v. Carter,* 84 S.W.3d 787, 790 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (arguing that the timely initiation of a grievance under the Whistleblower Act is a jurisdictional defense), *with Barrett,* 112 S.W.3d at 818–19 (examining the language of section 554.006(a), which states an employee "must initiate action," and disapproving of previous cases finding noncompliance with the provision as jurisdictional). In Barrett, this court noted that the only reference within the Whistleblower Act to sovereign immunity was in section 554.0035, which provides:

A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

*Id.* at 817. We then stated that the plain language of the provision "fits all claims al-

### 1. Standard of review

■■■ A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Because subject matter jurisdiction is a question of law, we review the trial court's ruling on the plea de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence relevant to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Berry v. Bd. of Regents of Tex. S. Univ.*, 116 S.W.3d 323, 324-25 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). We accept the allegations in the pleadings as true in determining whether an incurable jurisdictional defect is apparent, rendering it impossible for the plaintiff's claims to confer jurisdiction on the trial court. *Bexar County v. Gant*, 70 S.W.3d 289, 292 (Tex.App. CSan Antonio 2002, pet. denied).

### 2. The Act's provisions

Under section 554.005 of the Whistleblower Act, an employee of a governmental entity must file his suit "not later than the 90th day after the date" the alleged adverse personnel action occurred or was discovered by the employee through reasonable diligence. TEX. GOV'T CODE ANN. § 554.005 (Vernon 2004). Section 554.006 of the Act provides that the employee "must initiate action" under the employer's grievance or appeal procedures, and the time expended by the employee in pursuing those procedures is excluded from the time period in section 554.005. *Id.* § 554.006(a), (c). In this case, Moore was terminated on September 14, triggering the ninety day period under the Act. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 491 (Tex.1996) (per curiam) (holding that adverse employment action occurred on date employee was informed she was being replaced).

### 3. Did Moore "initiate action" under the Whistleblower Act?

■■ Moore alleged in his pleadings that UHCL's internal appeals process was concluded on November 8, 2000.[7] UHCL attached, in part, the following evidence pertinent to its assertions in the plea:

(1) a copy of an email from Moore to Katherine Justice, the Executive Director of UHCL's Human Resources department, dated September 19 advising her that he wished to appeal his termination, and Justice's responsive email, advising Moore that she would be meeting with three individuals chosen to be on his hearing panel;

(2) a handwritten note, dated September 19, from Moore to Justice advis-

leged under the chapter-big or little, early or late." *Id.* We concluded that, because the appellee had alleged a violation under the Act and sought relief allowed by the Act, sovereign immunity was waived, suggesting that the failure to initiate a grievance procedure—timely or otherwise—was not jurisdictional. *Id.* at 818–19. In its recent per curiam opinion affirming *Barrett*, the Texas Supreme Court declined to decide whether the failure to meet the requirements of section 554.006 is jurisdictional, noting that "the purpose [of the requirements] is adequately protected by abating a prematurely filed action." 159 S.W.3d 631, 48 Tex. Sup.Ct. J. 472, 473, 2005 WL 563094, at *1. Because the issue remains unclear, for the purposes of this appeal we distinguish between a claimant's complete failure to initiate action under the employer's appeals procedure, which we address as a jurisdictional defect, and the failure to timely initiate action under the appeals procedure, which we address as a limitations argument.

7. There is no dispute that Moore received notice of the conclusion of the appeals procedure on November 8, 2000.

ing her that he intended to appeal his termination;

(3) a copy of UHCL's "Request for a Post–Suspension or Post–Dismissal Hearing" form filled out by Moore on September 20;

(4) a memorandum dated September 28, from Justice to Moore and Chief Herbst [8] stating that Moore had *"filed a timely request for a post-dismissal hearing"* and advising them the hearing was scheduled for October 19, 2000;

(5) a memorandum dated October 19, from Justice to William Staples, UHCL's president, with the panel's recommendation to uphold Moore's termination following the hearing;

(6) a memorandum from Justice to Moore, dated October 27 advising Moore that Staples had upheld the termination and stating, "[t]his is the *final step in the internal grievance and appeal process according to UHCL policy.*"

(Emphasis added). We conclude this evidence establishes that UHCL itself had determined Moore timely filed an appeal of his termination, and the appeals process had been concluded.

Nevertheless, in its plea, UHCL reasoned that, because Moore did not specifically advise UHCL he was appealing his termination based on whistleblower claims, UHCL was deprived of an opportunity to investigate Moore's allegations, and the appeals procedure was never initiated *as intended* under the Whistleblower Act.[9]

Although a public employee must initiate action under his employer's grievance or appeals procedures before filing suit against the employer, the Act does not dictate what actions are required to "initiate" the appeals procedure. *See* Tex. Gov't Code Ann. § 554.006(a); *City of Austin v. Ender,* 30 S.W.3d 590, 594 (Tex. App.-Austin 2000, no pet.); *see also Barrett v. Univ. of Tex. Med. Branch at Galveston,* No. 14–97–00981–CV, 1999 WL 233341, at * 4 (Tex.App.-Houston [14th Dist.] April 22, 1999, pet. denied) (not designated for publication). The Act does not require that the employee use any particular words when filing his grievance, nor does it require he state that his appeal is based on the Whistleblower Act.[10]

▮ Regardless, the evidence in the record reflects that UHCL had notice of Moore's whistleblower claims prior to his termination, thus alerting UHCL of Moore's potential whistleblower claims. In his conditional response to UHCL's plea, Moore attached a copy of a memorandum prepared on September 6, 2000, concerning an internal investigation into Moore's entering the office of a UHCL administrator—the reason stated by UHCL for terminating Moore. In the memorandum, it was noted that Moore claimed he had entered the administrator's office to obtain evidence of "criminal wrongdoing" by the University. It was also stated that Moore previously reported various wrongdoings by Chief Herbst and the investigator advised Herbst as follows:

**8.** Moore had alleged wrongdoings by UHCL's Police Chief Michael J. Herbst. It was Herbst who informed Moore that he was being terminated from his position as a UHCL police officer.

**9.** *See Barrett,* 112 S.W.3d at 818 (noting that purpose is to encourage parties to resolve disputes without litigation); *see also City of*

*Austin v. Ender,* 30 S.W.3d 590, 594 (Tex. App.-Austin 2000, no pet.).

**10.** Also, UHCL did not contend in its plea that Moore had failed to initiate action under UHCL's grievance procedures, only that his failing to advise UHCL of his whistleblower claims thwarted the purpose of the statute.

I strongly urge Chief Herbst and the University to seek legal counsel prior to taking any further action against this employee. If this employee has protection under the Texas Whistleblowers Protection Act, any adverse employment action taken against him within a certain amount of time from his notification of alleged criminal activity to the D.A.'s office can be considered retaliatory and open both Chief Herbst and the University to liability.

Therefore, the evidence relevant to the jurisdictional issue raised by UHCL, construed in Moore's favor, suggests that UHCL had notice of Moore's potential whistleblower claims. *See City of New Braunfels v. Allen,* 132 S.W.3d 157, 161 (Tex.App.-Austin 2004, no pet.) (stating that because the Act is remedial in nature, it should be liberally construed to effect its purpose);[11] *cf. Barrett,* 112 S.W.3d at 818 (likening the requirements of section 554.006 as notice requirements); *Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.-Austin 1996, writ denied) (same).

Finally, even assuming that UHCL did not have notice of Moore's whistleblower claims prior to his termination, UHCL acknowledges that Moore asserted he was terminated in retaliation for his whistleblowing activities at his grievance hearing on October 19. While we agree that the purpose of section 554.006 is to allow the governmental employer an opportunity to "correct its own errors by resolving disputes before being subjected to the ex-

pense and effort of litigation,"[12] there is nothing in the record to indicate that UHCL was prevented from investigating Moore's allegations following his claims at the grievance hearing. Instead, the record reflects that on that same date, the panel recommended to UHCL's president that Moore's termination be upheld.

In sum, we reject UHCL's argument that Moore failed to initiate an appeal of his termination, and the trial court erred in granting UHCL's plea on that basis. We next address UHCL's limitations arguments.

**B. Challenging Claims as Untimely under the Whistleblower Act**

 UHCL argued in its plea that, even if Moore initiated the appeals process, his suit was nonetheless untimely. But, as stated, this court has previously determined that a defendant cannot challenge a plaintiff's suit as untimely under the Whistleblower Act in a plea to the jurisdiction. *See Elthon,* 9 S.W.3d at 356-57 (concluding that a limitations defense under the Whistleblower Act is an affirmative defense that cannot be a basis for sustaining a plea to the jurisdiction); *Barrett,* 112 S.W.3d at 817. Other intermediate appellate courts have agreed. *E.g., Allen,* 132 S.W.3d at 160; *Tex. Dept. of Mental Health & Mental Retardation v. Olofsson,* 59 S.W.3d 831, 833 (Tex.App.-Austin 2001, no pet.); *Castleberry Indp. Sch. Dist. v. Doe,* 35 S.W.3d 777, 782 (Tex. App.-Fort Worth 2001, pet. dism'd w.o.j.);[13] *but see Tex. S. Univ. v. Carter,*

---

11. The Act has two legislative purposes: (1) to protect public employees from retaliation by their employer when, in good faith, employees report a violation of the law; and (2) to secure lawful conduct on the part of those who direct and conduct the affairs of public bodies. *City of New Braunfels v. Allen,* 132 S.W.3d 157, 161 (Tex.App.-Austin 2004, no pet.)

12. *Gregg County v. Farrar,* 933 S.W.2d 769, 775 (Tex.App.-Austin 1996, writ denied).

13. *Cf. Martinez v. Val Verde County Hosp. Dist.,* 110 S.W.3d 480, 485 (Tex.App.-San Antonio 2003) (concluding that Tort Claims Act notice requirement was an affirmative defense and therefore, should not have been raised in a plea to the jurisdiction), *aff'd on other grounds,* 140 S.W.3d 370 (Tex.2004);

84 S.W.3d 787, 791-92 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (concluding that failure to timely initiate grievance procedure under Whistleblower Act was jurisdictional defect). Consequently, to the extent UHCL argued in its plea that the trial court lacked jurisdiction over Moore's suit because it was untimely, the trial court erred in granting the plea. *See Elthon,* 9 S.W.3d at 356; *Barrett,* 112 S.W.3d at 817; *see also Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex.2003) (stating that the language of section 554.0035 in the Whistleblower Act is a clear waiver of immunity from liability, and also stating that immunity from liability, as opposed to immunity from suit, does not affect a court's jurisdiction and cannot be raised in a plea to the jurisdiction); Tex. Gov't Code Ann. §§ 554.005, 554.006(c) (labeling section 554.005 as a "Limitation Period"; section 554.006(c) addresses tolling that period, contributing to the determination of whether a claimant's suit is timely).

In conclusion, whether the trial court sustained UHCL's plea based on its argument that Moore failed to initiate action under its grievance procedures or that, even if he had initiated action, his suit was untimely, we conclude the trial court erred in granting UHCL's plea to the jurisdiction. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Baylor Coll. of Med. v. Tate,* 77 S.W.3d 467, 471-72 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (noting that immunity from suit and from liability are two distinct protections with entirely different procedural postures; immunity from liability is an affirmative defense and the appropriate mechanism to assert immunity from liability is in a motion for summary judgment).