Affirmed and Memorandum Opinion filed September 5, 2006








Affirmed and Memorandum Opinion filed September 5, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00788-CV

NO. 14-05-00789-CV

____________

 

CHARLES D. CRONEN, Appellant

 

V.

 

JOHN R. RAY AND THE CITY OF
HOUSTON, TEXAS,
Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause Nos. 04-10529
& 03-41954

 



 

M E M O R A N D U M   O P I N I O N

This is a consolidated appeal from two nearly identical
lawsuits brought by appellant, Charles D. Cronen, against appellees John R. Ray
and the City of Houston, Texas. In both lawsuits appellant sued appellees for
false arrest, false imprisonment, and negligence. Appellant appeals pro se the
trial court=s dismissal of both lawsuits as a result of various
motions filed by appellees. We affirm.








Factual and Procedural Background

Appellant is a disabled veteran who supplements his
disability income by panhandling along major traffic arteries in Houston,
Texas. On August 25, 2001 and again on April 13, 2002, Houston Police Officer
John R. Ray arrested appellant for blocking a public passageway and for failing
to discontinue panhandling in violation of section 552.007 of the Texas
Transportation Code. Tex. Transp. Code
Ann. ' 552.007 (Vernon 1999). After each arrest Officer Ray
took appellant into custody and appellant was held at the City of Houston (Athe City@) detention
facility until all charges against appellant were dismissed.

Appellant filed two separate pro se lawsuits, one
addressing each arrest and detention, against appellees. In both lawsuits,
appellant sued the City and Officer Ray based on actions taken by Officer Ray
while working in his official capacity as a police officer employed by the
City. In both lawsuits, appellant sought damages for false arrest, false
imprisonment, and negligent training of police officers and detention center
staff, which allegedly led to his false arrest and false imprisonment.[1]
In the lawsuit addressing his August 2001 arrest (ALawsuit One@), appellant
sought $1,200,000.00 in compensatory damages, as well as exemplary damages. In
the lawsuit addressing his April 2002 arrest (ALawsuit Two@), appellant
sought $2,000,000.00 in compensatory damages, as well as exemplary damages.








In Lawsuit One, appellees initially filed Special
Exceptions attacking appellant=s Original Petition. Appellees argued the
Texas Tort Claims Act (ATTCA@) did not permit
appellant=s causes of action for intentional torts or exemplary
damages. Tex. Civ. Prac. & Rem. Code
Ann. '' 101.024, 101.057 (Vernon 2005). In addition,
appellees argued appellant=s negligence cause of action did not fall
within any of the exceptions to the government=s immunity found
in the TTCA. Tex. Civ. Prac. & Rem.
Code Ann. ' 101.001, et seq. (Vernon 2005).
The trial court granted appellees= Special
Exceptions and dismissed appellant=s negligence and
intentional tort causes of action, without giving appellant the opportunity to
replead. 

Next, appellees filed a Plea to the Jurisdiction and
alternatively, Motion for Summary Judgment. Repeating some of the arguments
found in the Special Exceptions, appellees argued appellant failed to plead a
cause of action within the limited waiver of governmental immunity set out in
the TTCA. Tex. Civ. Prac. & Rem.
Code Ann. ' 101.001, et seq. Appellees also
asserted limitations as a ground for summary judgment. The trial court granted
appellees= Plea to the Jurisdiction and Motion for Summary
Judgment dismissing appellant=s remaining causes of action. 

In Lawsuit Two, appellees first filed a Motion to Dismiss
Suit Against Defendant John R. Ray pursuant to section 101.106 of the Civil
Practice & Remedies Code. Appellees argued appellant, by filing suit
against the City and Officer Ray, made an irrevocable election to proceed
against the City and bars any suit or recovery against the individual employee
of the governmental unit regarding the same subject matter. Tex. Civ. Prac. & Rem. Code Ann. ' 101.106 (Vernon
2005). The trial court granted the motion.








Next, appellees filed Special Exceptions attacking
appellant=s Original Petition. Appellees argued the TTCA did not
permit appellant=s causes of action for intentional torts
or exemplary damages. See Tex.
Civ. Prac. & Rem. Code Ann. '' 101.024, 101.057.
In addition, appellees argued appellant=s negligence cause
of action did not fall within any of the exceptions to the government=s immunity found
in the TTCA. See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.001, et seq. The trial court
granted appellees= Special Exceptions and dismissed
appellant=s negligence and intentional tort causes of action
without giving appellant an opportunity to replead. Finally, appellees filed a
Plea to the Jurisdiction and alternatively, Motion for Summary Judgment. Once
again repeating some of the arguments found in the Special Exceptions,
appellees argued appellant failed to plead a cause of action within the limited
waiver of governmental immunity set out in the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. ' 101.001, et
seq. The trial court granted appellees= Plea to the
Jurisdiction dismissing appellant=s remaining causes
of action in Lawsuit Two.

The trial court denied appellant=s motions for new
trial filed in both lawsuits, and this appeal followed.

Discussion

Appellant raises fifteen issues for review in Lawsuit One
and sixteen issues for review in Lawsuit Two. With the exception of Issue 16 in
Lawsuit Two, the issues raised by appellant in both lawsuits are identical. 

It is
difficult to decipher from appellant=s briefs the exact nature and scope
of his complaints or even to determine all potential issues from his briefs.
Some of appellant=s  arguments are incomprehensible. Some are multifarious.
Some are presented in such a general manner that we cannot determine, with any
degree of certainty, the precise nature of the complaints, or the relevancy to
these appeals.  Even indulging in a liberal construction of the briefing rules,
this court can hardly escape the conclusion that these briefing deficiencies
result in waiver. Sweed v. City of El Paso, 195 S.W.3d 784, 786 (Tex.
App.CEl Paso 2006, no pet. h.). 
Nevertheless, in the interests of justice, notwithstanding this waiver, we will
consider appellant=s issues on the merits to the degree that we can.  See
Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex.1990). 

As many of the issues raised by appellant duplicate one
another, we group them by subject. In issues 1 through 6, 9 through 12, and 14
through 16, appellant appears to be arguing, in essence, that governmental
immunity for municipalities is not the law of Texas and the TTCA does not apply
to these cases. Appellant argues in issues 7 and 8 that governmental immunity
violates the Open Courts provision in the Texas Constitution. In issue 13,
appellant asserts the trial court erred when it denied his motion for new trial
in both lawsuits.

 








I.        Standard
of Review

A.      Plea to
the Jurisdiction

A plea to the jurisdiction should be sustained if there is
an incurable jurisdictional defect apparent from the face of the pleadings,
even if all of the allegations in the plaintiff=s pleadings are
taken as true. Tex. Mun. Power Agency v. Public Utility Comm=n, 100 S.W.3d 510,
515 (Tex. App.CAustin 2003, pet. denied). An appellate court reviews
a trial court=s ruling on a plea to the jurisdicition de novo
because it is a question of subject matter jurisdiction. Moore v. Univ. of
Houston-Clear Lake, 165 S.W.3d 97, 101 (Tex. App.CHouston [14th
Dist.] 2005, no pet.). When a plea to the jurisdiction challenges the existence
of jurisdictional facts, courts consider the relevant evidence submitted by the
parties to resolve the jurisdictional issues raised. Tex. Dep=t of Parks and
Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). An appellate court
reviews the pleadings and any evidence relevant to the jurisdictional issue. Id.
If the pleadings affirmatively negate the existence of jurisdiction, then a
plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend. Id.

B.      Summary
Judgment

The movant for summary judgment has the burden to show
there is no genuine issue of material fact and it is entitled to judgment as a
matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985). In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the non-movant is taken as true and the
reviewing court makes all reasonable inferences and resolves all doubts in his
favor. Id. at 548B49. We review a trial court=s summary judgment
de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).

C.      Special
Exceptions








A special exception is a proper method to determine whether
a plaintiff has pleaded a cause of action. Alpert v. Crain, Caton &
James, P.C., 178 S.W.3d 398, 405 (Tex. App.CHouston [1st
Dist.] 2005, pet. denied). We review de novo a trial court=s dismissal upon
special exceptions; the legal question being whether the pleadings stated a
cause of action. Boales v. Brighton Builders, 29 S.W.3d 159, 163 (Tex.
App.CHouston [14th
Dist.] 2000, pet. denied). We accept as true all factual allegations set forth
in the pleading. Id. When there is a defect in the pleadings that cannot
be cured by an amendment, the trial court may dismiss claims without providing
an opportunity to amend the defective pleading. Zaremba v. Cliburn, 949
S.W.2d 822, 829 (Tex. App.CFort Worth 1997, writ denied).

D.      Motion for
New Trial

When reviewing a trial court=s denial of a
motion for new trial, we use an abuse of discretion standard of review. Novosad
v. Cunnigham, 38 S.W.3d 767, 770 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).

II.       Were
Appellees Immune From Appellant=s Suits?

Appellant is incorrect in arguing that governmental
immunity is not Texas law. Sovereign immunity,
unless waived, protects the state from lawsuits for damages. Gen. Servs.
Comm=n v. Little-Tex Insulation Co., 39 S.W.3d 591,
594 (Tex. 2001). A municipality, as a political subdivision of the state, is
not liable for the acts of its officers or other employees committed in the
course of performing governmental functions unless the municipality=s common law
immunity is waived by the TTCA. Tex.
Civ. Prac. & Rem. Code Ann. ' 101.001(3)(B)
(Vernon 2005); Williams v. Houston Firemen=s Relief and
Retirement, 121 S.W.3d 415, 437 (Tex. App.CHouston [1st
Dist.] 2003, no pet.). The operation of a police department is a governmental
function. Cronen v. Nix, 611 S.W.2d 651, 653 (Tex. Civ. App.CHouston [1st
Dist.] 1980, writ ref=d n.r.e.).








The TTCA provides a limited waiver of immunity from suit
that would otherwise not exist, but it does not create causes of action. City
of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997). The TTCA waives
immunity from liability and immunity from suit under certain circumstances and
limits the dollar amount which can be recovered. Tex. Civ. Prac. & Rem. Code Ann. '' 101.021, 101.023,
101.025 (Vernon 2005). The TTCA waives governmental immunity in only three
areas: (1) claims arising out of the use of motor driven vehicles and
equipment; (2) claims arising from a condition or use of personal property; and
(3) claims arising from a condition or use of real property. Tex. Civ. Prac. & Rem. Code Ann. ' 101.021. The TTCA
does not waive immunity from exemplary damages. Tex. Civ. Prac. & Rem. Code Ann. ' 101.024. In
addition, the TTCA does not waive immunity for claims arising out of
intentional torts, such as false arrest or imprisonment. Tex. Civ. Prac. & Rem. Code Ann. ' 101.057.

Appellant sued appellees for false arrest and false
imprisonment. These constitute intentional torts and therefore are barred. See
id. In addition, appellant=s claims that the
City was negligent in training its police officers, which allegedly resulted in
his false arrest and imprisonment, do not fall within the limited waiver of
immunity for negligent acts created by the TTCA and are barred. See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021. Finally,
appellant=s claims for exemplary damages are barred as well. See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.024.

As for appellant=s claims against
Officer Ray, they, too, are barred. A police officer is an agent of the
government. Morgan v. City of Alvin, 175 S.W.3d 408, 414 (Tex. App.CHouston [1st
Dist.] 2004, no pet.). All of the police officer=s power and
authority is derived from the governmental entity that employs him. Id.
A suit against a police officer in his official capacity is merely another way
of pleading a suit against the governmental entity of which the officer is an
agent. Id. Since appellant sued Officer Ray in his official capacity,
his claims against Officer Ray are treated as claims against the City, his
employer. Id. at 415. Thus, governmental immunity applies to Officer
Ray, and appellant=s claims against Officer Ray are barred by
immunity. See Tex. Civ. Prac.
& Rem. Code Ann. '' 101.021, 101.057.








As all of appellant=s causes of action
are barred by governmental immunity, the trial court did not err in granting
appellees= Special Exceptions and Pleas to the Jurisdiction and
Alternatively Motions for Summary Judgment. We overrule appellant=s issues 1 through
6, 9 through 12, and 14 through 16.

III.      Does
Governmental Immunity Violate the Open Courts Provision of the Texas
Constitution?

In issues 7 and 8, appellant argues governmental immunity
violates the Open Courts provision found in the Texas Constitution as it
deprives him of  compensation for his alleged injuries arising out of the
actions of Officer Ray. We disagree.

The Open Courts provision of the Texas Constitution
provides that Aall courts shall be open, and every person for any
injury done him, in his lands, goods, person or reputation, shall have remedy
by due course of law.@ Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 410 (Tex. 1997) (quoting Tex.
Const. art. I, ' 13). The Open Courts provision affords
three distinct protections. First, courts must be open and operating. Id.
Second, citizens must have access to the courts unimpeded by unreasonable
financial barriers. Id. Finally, the law must afford meaningful legal
remedies to Texas citizens, so the Texas legislature may not abrogate the right
to assert a well-established common law cause of action. Id. The Open
Courts provision applies only to statutory restrictions of a cognizable common
law cause of action. Id.

Appellant=s Open Courts argument implicates the
third guarantee: whether sovereign immunity unconstitutionally deprived him of
a meaningful legal remedy. Appellant complains that this court, by upholding
the trial court=s dismissal of his causes of action
pursuant to sovereign immunity law, would violate the Open Courts provision.
Appellant does not complain of any legislative action that prevents him from
maintaining his lawsuits. Since appellant does not challenge a legislative act
that abridges a cognizable common law claim, his Open Courts challenge is
without merit. Id. We overrule appellant=s issues 7 and 8. 

 








IV.      Did the
Trial Court Err When It Denied Appellant=s Motions for New
Trial?

In Issue 13, appellant contends the trial court erred when
it denied his motions for new trial. Here, appellant=s arguments
consist of the following: Athe court has clearly ignored and
disregarded the Texas Constitution and law. That is fundamental error. The
Motion for New Trial should have unhesitantly [sic] been granted, in the
interest of justice, under the Rule.@  An appellant=s brief must
contain a clear, concise argument for the contentions made, including
appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h);  Nguyen v. Kosnoski, 93
S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.). An
issue not supported by authority or references to the record is waived. Id.
Accordingly, appellant has waived review of this issue. We overrule appellant=s issue 13.

Conclusion

Having overruled all of appellant=s issues on appeal, we affirm the
trial court=s  judgment dismissing with
prejudice appellant=s lawsuits against appellees.

 

 

 

 

 

/s/      John S.
Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 5, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.









[1]  In numerous pleadings and other documents filed with
the trial court, as well as his briefing in this appeal, appellant
affirmatively stated his lawsuits were suits for damages for false arrest and
false imprisonment under the common law of England as preserved by the Texas
Constitution and were not lawsuits brought under the United States Constitution
or any federal statute, such as 42 U.S.C. '
1983.