Reversed and Remanded and Opinion filed December 11, 2007








Reversed and
Remanded and Opinion filed
December 11, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00379-CV

____________

 

SATURN CAPITAL CORPORATION, Appellant

 

V.

 

THE CITY OF HOUSTON, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 846823

 



 

O P I N I O N

Appellant, Saturn Capital Corporation (ASaturn@), appeals the
trial court=s granting of the City of Houston=s (the ACity@) Plea to the
Jurisdiction.  Finding the trial court erred when it granted the City=s Plea, we reverse
and remand to the trial court for further proceedings in accordance with this
opinion.

 

 

 








Factual and Procedural Background

In 1992, the City demolished buildings on the property
located at 8526 Pitner Road.  The City assessed a fee for the cost of the
demolition against the Pitner Road property which was owned by L.A.
Investments, Inc.  When L.A. Investments did not pay the demolition fee, the
City filed a demolition lien on the Pitner Road property.  On February 15,
2000, the City, Spring Branch Independent School District (ASBISD@), and other
taxing authorities, obtained a judgment against L.A. Investments for delinquent
taxes on the Pitner Road property.  On May 15, 2000, an Order of Sale in Tax Suit
was obtained and on June 22, 2000, the constable gave notice that the property
would be sold at a public tax sale.  With the approval of L.A. Investments,
Saturn purchased the tax lien from SBISD and later foreclosed on the tax lien
at a public tax foreclosure sale.  Saturn purchased the Pitner Road property at
the tax sale.  The City did not bid at the tax sale.  At the time Saturn
purchased the Pitner Road property, Saturn, taking the position that the tax
sale extinguished all inferior liens, did not pay off the City=s demolition lien.

In 2003, Saturn agreed to sell the Pitner Road property to
Pitner Road Affordable Housing, Ltd.  However, the title company would not
issue title insurance and close the sale  unless the City released its
demolition lien on the property.  In addition, the purchaser was unwilling to
go forward with the deal as long as the City refused to release its lien. 
Saturn,  arguing the demolition lien was invalid because it had been extinguished
by the tax sale, made demand on the City that it release the lien.  The City
refused to release the demolition lien until the lien had been paid in full.

Faced with the loss of the sale of the Pitner Road
property, Saturn paid the City the full amount of the demolition lien,
$88,500.32, under protest and with full reservation of rights to litigate and
recover the funds paid.  Saturn then filed suit against the City seeking to
recover its payment of the demolition lien.  The City filed a plea to the jurisdiction
arguing it was immune from Saturn=s suit, which the
trial court granted.  This appeal followed.








Discussion

In a single issue on appeal, Saturn contends the trial
court erred when it granted the City=s Plea to the
Jurisdiction on the basis of sovereign immunity.

A.      The
Standard of Review

Sovereign immunity from suit defeats a trial court=s subject matter
jurisdiction and is properly asserted through a plea to the jurisdiction.  Texas
Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 225B26 (Tex. 2004). 
Whether a trial court has subject matter jurisdiction is a question of law
reviewed de novo.  Id. at 228.  In deciding a plea to the jurisdiction,
a court may not consider the merits of the case, but only the pleadings and the
evidence relevant to the jurisdictional inquiry.  Moore v. University of
Houston-Clear Lake, 165 S.W.3d 97, 101 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  When reviewing a trial court=s ruling on a plea
to the jurisdiction, we construe the plaintiff=s pleadings
liberally in the plaintiff=s favor and look to the pleader=s intent.  Miranda,
133 S.W.3d at 226.  We take as true all evidence favorable to the nonmovant and
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Id.
at 228.  In addition, the question of whether undisputed evidence, which is the
situation we are presented with here, establishes a trial court=s jurisdiction, is
a question of law.  Id. at 226.

B.      Is the
City Immune From Saturn=s Suit?

  Texas has long recognized, and the City conceded during
oral argument, that  sovereign immunity does not prevent a party who paid
illegal government taxes and fees under duress from filing a lawsuit to seek
their repayment.  Dallas County Community College District v. Bolton,
185 S.W.3d 868, 877 (Tex. 2005).  Thus, to resolve the issue of whether or not
the City is immune from Saturn=s suit, two questions must be answered:
(1) does Saturn=s payment of the demolition lien
constitute the payment of an illegal tax or fee; and (2) if so, did Saturn pay
off the demolition lien under duress?

 








1.       The
Pitner Road Property Tax Sale Extinguished the City=s Demolition Lien

In Texas, a demolition lien is subordinate to a tax lien.  See
Tex. Loc. Gov=t Code Ann. ' 214.001(o)
(Vernon 1999).  Therefore, a tax foreclosure sale extinguishes a demolition
lien on the subject property.  See Tex. Tax Code Ann. ' 33.95 (Vernon
2001) (AA purchaser for
value at or subsequent to the tax sale may conclusively presume the validity of
the sale and takes free of any claim of a party with a prior interest in the
property. . .@); see also Conseco Finance Servicing Corp.
v. J & J Mobile Homes, Inc., 120 S.W.3d 878, 881B82 (Tex. App.CFort Worth 2003,
pet. denied) (stating that a junior lien does not survive the foreclosure of a
superior tax lien).   Here, because Saturn purchased the Pitner Road property
at a properly conducted tax sale, the City=s inferior
demolition lien was extinguished and Saturn took the Pitner Road property free
from that lien.

2.       Because
the Demolition Lien Had Been Extinguished, the City=s Refusal to
Release the Demolition Lien and Subsequent Acceptance of Saturn=s Payment of the
Lien Amount Constitutes the Collection of an Illegal Fee

A fee is defined as a fixed charge or a charge for a
service.  The Merriam-webster Dictionary (New Edition, 2004).  The City=s demolition lien
imposed on the Pitner Road property was to cover the cost incurred by the City
when it performed a service: demolishing dangerous buildings on the property. 
Therefore, the costs of the demolition constitute a fee.  As discussed above,
the demolition lien was extinguished as a result of the tax sale.  Therefore,
when the City sent, after the tax sale, a letter to the title company handling
Saturn=s sale of the
Pitner Road property stating A[The City] will issue releases for the
Notice and the Order of Building Official (Clerk=s File Nos.
T118848 and N576628, respectively), once the lien(s) have been paid in full,@ we hold this
constitutes an effort to collect an illegal fee.

 

 








3.       Saturn
Paid Off the City=s Demolition Lien
Under Duress

Saturn argues that it paid the City=s demolition lien
under duress because it faced (1)  the loss of the pending sale of the Pitner
Road property if the City=s demolition lien was not paid off; and
(2) the ultimate loss of the property because if the sale did not go through,
it would be unable to continue paying the taxes on the property.  In response,
the City contends Saturn voluntarily paid the lien as the loss of a pending
sale of the property is insufficient to constitute duress.  We agree with
Saturn.

The Texas Supreme Court has consistently recognized that
business compulsion[1]
arising from the payment of illegal or improper government fees and taxes
coerced by financial penalties, loss of livelihood, or substantial damage to a
business can constitute duress and allow for the recovery of an illegal tax or
fee.  Bolton, 185 S.W.3d at 878.  The duress necessary to authorize the
recovery of an illegal tax or fee is established when the unauthorized tax or
fee is required, necessary, or shall be paid to avoid the government=s ability to
charge penalties or halt a person from earning a living or operating a
business.  Id. at 879.  Because the record demonstrates that (1) Saturn
faced substantial damage to its business if the Pitner Road property sale did
not go through; (2) the sale could not be completed unless the City released
its extinguished demolition lien; and (3) Saturn paid off the extinguished
demolition lien only after the City demanded payment in full before it would
release the lien, the payment was not voluntary but made under duress. 
Accordingly, sovereign immunity is not at issue and does not preclude Saturn
from pursuing its suit against the City.[2] 
We sustain Saturn=s only issue on appeal.








Conclusion

Having sustained Saturn=s only issue on
appeal, we reverse the judgment of the trial court and remand this case to the
trial court for further proceedings consistent with this opinion.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 11, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.









[1]  ABusiness
compulsion@ has also been referred to as Aeconomic duress@ or
Aimplied duress.@  Dallas County Community College
District v. Bolton,
185 S.W.3d 868, 877B78 (Tex. 2005).





[2]  In its brief, the City emphasizes the role of Alfred
Antonini, the president of Saturn, and alleges that the transfer of the SBISD
tax lien to Saturn violates the Fraudulent Transfer Act.  These issues
constitute affirmative defenses to Saturn=s
suit and are not relevant to this appeal, which addresses only the trial court=s subject matter jurisdiction and does not reach the
merits of the case.  Moore v. University of Houston-Clear Lake, 165
S.W.3d 97, 101 (Tex. App.CHouston [14th Dist.] no pet.).