Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00669-CV

———————————

Hitchcock Independent School District, Appellant

V.

Doreatha
Walker, Appellee



 



 

On Appeal from the 405th District Court 

Galveston County, Texas



Trial Court Case No. 09CV1439

 



 

MEMORANDUM OPINION

          Appellant
Hitchcock Independent School District appeals the trial court’s denial of its
plea to the jurisdiction, arguing that appellee Doreatha Walker failed to
comply with the statutory prerequisites of the Texas Whistleblower Act.  See Tex. Gov’t Code Ann. §§ 554.005–.006 (Vernon 2004).  In two issues, HISD
contends that the trial court erred in denying its plea to the jurisdiction
because (1) Walker did not properly file a grievance as required by
section 554.006(a), and (2) she failed to file suit within the statutory
limitations period established by section 554.005.  We affirm.

Background

Walker began working for HISD in July
2008 as the director of the district’s Head Start program.  She began complaining about the possibility of
mold growth in the Head Start building later that year, and in February and
March 2009, she experienced health problems attributable to the mold.  A complaint concerning possible mold growth
was filed with the Galveston County Health District by a parent of a Head Start
student, and specialist Twyla Issac investigated.  Walker spoke with Issac about mold in the
building and said that she had gone to the doctor because of respiratory
problems.  Walker also exchanged numerous
emails with HISD Superintendent Dr. Mike Bergman and the HISD Board of Trustees
complaining about poor air quality in the building, as well as perceived
retaliatory acts taken by Bergman after Walker told the investigator that she believed
that mold in the building was making her sick. 
Walker was suspended on May 1, 2009.

Two days later, Walker filed a
complaint with the Texas Education Agency. 
She believed that HISD was making fraudulent reimbursement requests to
the state, and she alleged that HISD was requesting and receiving reimbursement
for funds that had not actually been paid by the district.

Two weeks after the TEA complaint, Bergman
advised the HISD Board that he would be changing his recommendation regarding
Walker’s employment contract and accused Walker of insubordination and
incompetency.  Walker believed this was a
retaliatory act, and pursuant to HISD Board policies she filed a level-one
grievance the next day.  Across the top
of the form, Walker wrote, “Whistle Blower Complaint—Violation of Law.”  The form required her to state specific facts
supporting her complaint.  In the space
provided, Walker described a conversation she had with the HISD business
manager regarding the fraudulent reimbursement claims, and in the margin she also
wrote, “And mold.”  The form contains no
other reference to mold and does not provide any specific information about
underlying facts that would support a claim of retaliation for complaining
about mold.

Walker filed a pro se petition
alleging a cause of action under the Whistleblower Act.  In her original petition, her whistleblower
claim was based on her allegation that HISD took adverse personnel action
against her after she reported fraud by HISD to the TEA.  Six days after Walker filed suit, the HISD
Board of Trustees terminated her employment.

Walker subsequently filed numerous
amendments to her petition.  In her
fourth amended petition, she alleged, for the first time, an additional
whistleblower claim based on reports of mold she made to the Galveston County
Health District and the Texas Department of Health.  HISD filed a plea to the jurisdiction,
arguing (1) that the trial court did not have jurisdiction over Walker’s
mold-based whistleblower claim because she did not properly initiate grievance
procedures as required by section 554.006(a) of the Texas Whistleblower Act,
and (2) that the whistleblower claim also was not filed within the
limitations period.  In response, Walker
filed a motion to strike the plea, arguing that she had complied with the
statutory prerequisites of the Act and that her mold-based whistleblower claim
was not barred by limitations.  

The trial court denied the plea to
the jurisdiction, and HISD filed this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code § 51.014(a)(8)
(Vernon 2002).  On appeal, HISD reasserts
in two issues the same arguments that the trial court erred in denying the plea
to the jurisdiction.

Analysis

I.                 
Plea to the Jurisdiction

A plea to the jurisdiction is a
dilatory plea that seeks dismissal of a case for lack of subject-matter
jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Univ. of Houston v. Barth, 178 S.W.3d
157, 160–61 (Tex. App.—Houston [1st Dist.] 2005, no
pet.).  We review the trial court’s
ruling on a plea to the jurisdiction de novo. 
Tex. Dep’t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

When the plea challenges the sufficiency of the claimant’s
pleadings, the trial court must construe the pleadings liberally in the
claimant’s favor and deny the plea if the claimant has alleged facts
affirmatively demonstrating jurisdiction to hear the case.  Id.
at 226–27.  If the pleadings are
insufficient but do not affirmatively demonstrate incurable jurisdictional
defects, the court should afford an opportunity to replead.  Id.  But if the pleadings affirmatively negate the
existence of jurisdiction, the plea may be granted.  Id. at 227.

If, however, the plea to the jurisdiction challenges the
existence of jurisdictional facts, the trial court must consider relevant
evidence submitted by the parties.  Id.
 If the evidence creates a fact question
regarding jurisdiction, then the trial court must deny the plea, and the fact
issue will be resolved by the fact-finder.  Id.
at 227–28.  But if the relevant evidence is undisputed or
fails to raise a fact question on the jurisdictional issue, the trial court
rules on the plea to the jurisdiction as a matter of law.  Id. at 228.

In reviewing the evidence presented in support of the plea
to the jurisdiction, we take as true all evidence favorable to the nonmovant.  Id.  We indulge every reasonable inference and resolve
any doubts in the nonmovant’s favor.  Id.
 “[T]his standard generally mirrors that
of a summary judgment under Texas Rule of Civil Procedure 166a(c) . . . .  By requiring the [political subdivision] to
meet the summary judgment standard of proof in cases like this one, ‘we protect
the plaintiffs from having to put on their case simply to establish
jurisdiction.’”  Id. (quoting Bland, 34 S.W.3d at 554); Dallas Cnty.
v. Wadley, 168 S.W.3d 373, 377 (Tex.App.—Dallas 2005, pet. denied)
(“[In a plea to the jurisdiction,] the burden is on the government to meet the
summary judgment standard of proof.”).

II.              
Texas Whistleblower Act

a.     Initiation of administrative remedies

The Texas Whistleblower Act
requires a claimant to “initiate action under the grievance or appeal
procedures of the employing state or local governmental entity relating to
suspension or termination of employment or adverse personnel action” before
filing suit.  Tex. Gov’t Code Ann § 554.006(a).  This Court has previously held that this
statutory prerequisite to suit is jurisdictional.  Barth,
178 S.W.3d at 161–62; Tex. S. Univ. v.
Carter, 84 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  Although section 554.006 does not require the
claimant to exhaust grievance or appeals procedures before filing suit, it does
require that such procedures be timely initiated in order to afford the
employer an opportunity to resolve the dispute and correct errors before
litigation.  Univ. of Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d 631,
632 (Tex. 2005); City of Fort Worth v. Shilling,
266 S.W.3d 97, 102 (Tex. App.—Fort Worth 2008, pet. denied).  “[T]he Act does not dictate what actions are
required to ‘initiate’ the appeals procedure.” 
Moore v. Univ. of Houston-Clear
Lake, 165 S.W.3d 97, 102 (Tex. App.—Houston [14th Dist.] 2005 no pet.); see City of Austin v. Ender, 30 S.W.3d
590, 594 (Tex. App.—Austin 2000, no pet.). 
And the statute does not require the use of particular words, nor does
it require the employee to state that his grievance or appeal is based on the
Whistleblower Act.  Moore, 165 S.W.3d at 102; Ender,
30 S.W.3d at 594.  What is required is
that the employer be given reasonable notice, that is, fair notice “of the
employee’s intent to appeal a disciplinary decision and notice of which decision
. . . the employee intends to appeal.”  Tarrant Cnty. v. McQuary, 310 S.W.3d 170,
177 (Tex. App.—Fort Worth 2010, pet. denied); see also Med. Arts Hosp. v. Robinson, 216 S.W.3d 38, 44 (Tex.
App.—Eastland 2006, no pet.); Montgomery Cnty.
Hosp. Dist. v. Smith, 181 S.W.3d 844, 850 (Tex. App.—Beaumont 2005, no
pet.) 

In this case, HISD acknowledges
that Walker filed a grievance complaining about adverse personnel action that
was taken after she made reports to the TEA concerning reimbursement claims
made by the district.  But HISD argues
that the trial court lacks jurisdiction over Walker’s mold whistleblower claim
because she did not properly initiate grievance procedures with the school
district on that subject before filing suit. 
Specifically, HISD argues that Walker’s written grievance did not
contain an allegation that she was suspended for reporting mold to an outside
law enforcement authority, and therefore HISD did not have adequate notice of a
potential whistleblower action based on those facts.  Walker contends that she did properly
initiate grievance procedures prior to filing suit and that HISD received
adequate notice of her complaint through the numerous emails and letters she
exchanged with both the superintendent and the school board, the employee
complaint form (which included a reference to mold), and the grievance hearings
in which she spoke at length about mold.

HISD’s employee-grievance policy
encourages employees to informally resolve complaints before taking formal
action under the grievance procedures.  Prior to filing her grievance, Walker
exchanged emails with Bergman and with Monica Cantrell, the president of the
HISD Board of Trustees, in which she repeatedly referenced mold, her illness,
and alleged retaliation by Bergman. 
Walker asked Bergman by email to notify the board that children and
staff members were complaining about mold in the building.  She sent an email to Cantrell with the
subject heading “Retaliation Report,” stating:

I am reporting to you as the
Board President “Retaliation from Dr. Bergman” . . . .  I love my job and I do not want to lose it
because of retaliation and fabrications. 
I do not have a serious health condition that stops me from performing
my job as Dr. Bergman stated . . . .

Walker exchanged several other emails with Cantrell
and the other members of the board to which she attached an air quality report
and stated:  “I thought it would be good
to send this [report] to everyone . . . since this is what the retaliation is
based on.”

Walker was suspended on May 1, 2009. 
Prior to that date, she discovered the reimbursement requests made by
the district, and she filed a report with the TEA, notifying them that she
believed HISD was committing fraud against the state.  She filed a level-one grievance on May 20,
which stated that the facts supporting her allegations of retaliation by the
district were supported by the report she made to the TEA “[a]nd mold.”  The words “and mold” written on the
form were the only clue indicating a possible mold-related whistleblower claim,
but HISD was already aware that Walker had complained to both Bergman and the
Galveston County Health District inspector about mold.  Additionally, the board had already been
informed that Walker believed that Bergman was retaliating against her because
she had complained about mold.

Departing from its own grievance
policy,[1] HISD required Walker to
present her grievance claim to Bergman at a level-one conference, even though
she objected.  At the conference, Walker
spoke primarily about her report to the TEA concerning HISD’s fraudulent
reimbursement claims.  But she mentioned
the reports she made about mold and discussed at length her perception of retaliatory
acts Bergman had taken against her over the course of several months.  Walker also described documents, including
ten emails about mold, that she believed were relevant to her whistleblower
complaint.

Walker appealed the denial of her
complaint to the HISD Board of Trustees. 
During the appeals hearing, which she recorded, Walker stated that she
initially complained to Bergman about mold in September 2008.  She also stated that she spoke with the inspector
from the Galveston County Health District on February 12, 2009, and
described subsequent retaliatory actions taken by Bergman.

HISD contends that Walker has not
satisfied the statutory requirements of section 554.006 because she did not
describe her mold whistleblower complaint in detail on the initial grievance
form; she did not allege during her conference with Bergman that her suspension
or any other adverse employment action was in retaliation for reporting mold to
an outside authority; and the only reason she mentioned mold during the
conference was to explain why she had been absent from work during late
February and March.  Based on these
contentions, HISD argues the trial court lacked jurisdiction over Walker’s
mold-based whistleblower claim because she failed to satisfy the statutory
requirement of initiating a grievance before filing suit on the claim.  See Tex. Gov’t Code Ann. § 554.006(a).  To support its argument, HISD relies
primarily on Tarrant County v. McQuary,
310 S.W.3d 170 (Tex. App.—Fort Worth 2010, pet. denied), and Medical Arts Hosp. v. Robinson, 216
S.W.3d 38 (Tex. App.—Eastland 2006, no pet.).

In McQuary, the plaintiff, a nurse, sued her former employer alleging
a violation of the Texas Whistleblower Act. 
McQuary, 310 S.W.3d at
172.  McQuary sent two letters to her employer in which she
complained that she had not received any employee evaluations and that her
immediate supervisor instructed her to disregard her job description.  Id. at
174–76.  The employer filed a plea to the jurisdiction arguing that McQuary did
not satisfy the statute’s jurisdictional prerequisites because she failed to
provide notice during the administrative appeal of her termination that she was
alleging retaliation in violation of the Act. 
Id.  The Fort Worth Court of Appeals reversed the
trial court’s denial of the plea because the communications between McQuary and
her employer did not put it on notice that a whistleblower claim was being
asserted.  Id. at 172, 177–79.

In
Robinson, the Eastland Court of
Appeals reversed the trial court’s denial of a plea to the jurisdiction because
the plaintiff did not provide any notice to her employer that she believed she
was being retaliated against for reporting illegal activity to the Texas Labor
Board or that she intended to assert a whistleblower claim against them.  Robinson,
216 S.W.3d at 43–44.  Robinson spoke with her supervisor about her
termination and told him that she disagreed with his decision but did not
indicate to him or to her employer that she intended to file a whistleblower
claim.  Id. at 40.  She also failed
to file a written grievance or bring her retaliation claim to her employer’s
attention before filing her lawsuit.  Id. at 41.

This case is distinguishable from both McQuary and Robinson because
HISD was aware of both Walker’s reports about mold problems and her allegation
that she had suffered retaliation as a consequence.  Walker met with an inspector from the
Galveston County Health District and reported that she, her staff, and her students
had been negatively affected by mold in the building.  Walker emailed Bergman to say that he needed
to notify the board that a number of children and staff members were sick
because of mold and that requiring them to attend school and work in the
building was a violation of the law.  She
sent an email to all of the members of the HISD Board of Trustees, and attached
the air quality report.  She also
reported that she perceived retaliation from Bergman, which she believed was
based on her complaints about mold.  She
filed a written grievance that included the words “and mold.”  And throughout the grievance process, which
included a conference with Bergman and a hearing before the HISD Board of
Trustees, Walker repeatedly mentioned complaints about mold and perceived
retaliation stemming from both her reports of mold and her report to the TEA.  Although some of these references are, as
HISD contends, made only in passing, the number of times she mentioned mold
during the formal grievance hearings when combined with her emails and letters
to Bergman and the board, signaled multiple whistleblower claims and were
adequate to prompt the board to investigate her complaints further.  See
Moore, 165 S.W.3d at 103 (concluding that employer was not prevented from
investigating employee’s claim when the claimant raised facts supporting
whistleblower claim at grievance hearing).

In determining whether Walker’s actions satisfied the requirements of
section 554.006, we construe all of the evidence relevant to the jurisdictional
issue in her favor.  See Moore, 165 S.W.3d at 103; see
also City of New Braunfels v. Allen, 132 S.W.3d 157, 161 (Tex. App.—Austin
2004, no pet.) (recognizing that the Act should be liberally construed to
effect its purpose because it is remedial in nature).  The purpose of the initiation provision of
the Act is to afford the governmental entity with the opportunity to
investigate and correct its errors and to resolve disputes before incurring the
expense of litigation.  Moore, 165 S.W.3d 103; Ender, 30 S.W.3d at 594.  Although the statute requires that the
employer be given fair notice of an employee’s unlawful retaliation claim, McQuary, 310 S.W.3d at 179, it does not require the employee to use particular
words, nor does it require a specific statement that a whistleblower claim is contemplated.  Moore, 165
S.W.3d at 102; Ender, 30 S.W.3d at 595 (“We refuse to hold handwritten complaints
drafted by employees to the same exacting standard we might apply to pleadings
drafted by attorneys.”).  Walker did not specifically state in her written
grievance that Bergman had retaliated against her for reporting mold to the
Galveston County Health District and the Texas Department of Health.  But we cannot conclude that HISD was deprived
of an opportunity to clarify or investigate Walker’s allegations.  See Moore,
165 S.W.3d at 103.  The words “and mold,”
considered in the context of all of the emails and letters received by Bergman
and the board members, and the statements concerning retaliation for mold reports
made by Walker throughout the grievance process were sufficient to put HISD on
notice of her mold whistleblower claim.  Accordingly,
we hold that Walker satisfied the section 554.006 requirement of initiation of
procedures for administrative remedies.  See Tex.
Gov’t Code Ann. § 554.006.  We
overrule HISD’s first issue.

b.               
Limitations

In its second issue, HISD argues
that even if Walker properly initiated the appeals process, limitations barred
her mold-based whistleblower claim.

Section 554.005 provides that “a
public employee who seeks relief under [the Texas Whistleblower Act] must sue
not later than the 90th day after the date on which the alleged violation of
[the Act] occurred or was discovered by the employee through reasonable
diligence.”  Tex. Gov’t Code Ann. § 554.005. 
While the employee is participating in the employer’s grievance or
appeals process, the statute of limitations is tolled.  Id.
§ 554.006(c).  If the employer has not made a final decision
before the 61st day after the procedures are initiated, the employee may elect
to exhaust applicable procedures or terminate procedures under section 554.006(a).[2]

The limitations provision is
mandatory but not jurisdictional.  Dallas Cnty. v. Hughes, 189 S.W.3d 886,
888 (Tex. App.—Dallas 2006, pet. denied). 
The proper avenue for raising the limitations defense is in a motion for
summary judgment, not a plea to the jurisdiction.  Id.;
Moore, 165 S.W.3d at 100; Allen, 132 S.W.3d at 161–64. 
Because limitations is a defensive issue rather than a jurisdictional
one, the trial court correctly denied HISD’s assertion of limitations through a
plea to the jurisdiction.  We overrule
HISD’s second issue.

Conclusion

We affirm
the trial court’s order denying HISD’s plea to the jurisdiction.

 

 

                                                                   

Michael Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale.











[1]        HISD’s
grievance policy states: 

 

                  Whistleblower complaints shall be filed within the
time specified by law and may be made to the Superintendent or designee
beginning at Level Two.  Time lines for
the employee and the District set out in this policy may be shortened to allow
the Board to make a final decision within 60 calendar days of the initiation of
the complaint.

 

                  Complaints alleging a violation of law by a
supervisor may be made to the Superintendent or designee.  Complaints alleging a violation of law by the
Superintendent may be made directly to the Board or designee.

 





[2]        Tex. Gov’t Code Ann. § 554.006(c).  If the employee elects to exhaust the
employer’s grievance or appeals procedures, the employee must sue “not later
than the 30th day after the date those procedures are exhausted . . . .”  Id. § 554.006(d)(1).  If,
however, the employee elects to terminate the employer’s grievance procedures,
the employee must sue within the time remaining under section 554.005.  Id.
§ 554.006(d)(2).